**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Craig T. KLUND, Defendant–Appellant.**

No. 93–2770.

United States Court of Appeals, Seventh Circuit.

Argued March 28, 1994.

Decided Oct. 18, 1994.

John W. Vaudreuil, Asst. U.S. Atty., Madison, WI (argued), for plaintiff-appellee.

Charles W. Jones, Jr. (argued), Michael A. Yamat, Jones & Associates, Milwaukee, WI, for defendant-appellant.

Before CUDAHY, and RIPPLE, Circuit Judges, and PLUNKETT, District Judge.*

* The Honorable Paul E. Plunkett, District Judge, United States District Court for the Northern District of Illinois, is sitting by designation.

PLUNKETT, District Judge.

Craig Klund was vice president of Defense Electronic Systems, Inc., ("DES") which contracted with the government to manufacture 4,415 mechanical radio mounts for military vehicles. The total value of the contract was $664,987.30.

The terms of the contract allowed DES to seek progress payments as it went along, and Klund requested three. Klund made the first of the requests on March 19, 1991, in the amount of $102,493 for costs incurred. The government paid 85 percent of the claim, or $87,119. The second request was made on June 6, 1991, for $223,396 in additional costs incurred. The government paid $189,887. The third and final request was made on November 4, 1991, for $121,865 in additional costs incurred. However, the government paid none of the final requested amount because it had decided to audit Klund's first two requests.

When the government contacted the vendors on a list supplied by Klund in support of his claims, one had never done business with DES, eight were not paid the amounts they were due, and only three had been paid in full. The government suffered an actual loss of $251,223.71 from the first two false claims and would have suffered an additional loss of $56,883 had it paid the third.

Klund was indicted on three counts of submitting false claims and submitting a false statement to the Department of Defense. Pursuant to a plea agreement, Counts II and III were dismissed, and Klund pled guilty to one count of submitting a false claim. 18 U.S.C. § 287.

At sentencing, the PSR determined that Klund had six criminal history points, placing him in criminal history category III. However, the PSR also noted that Klund's criminal history category might not adequately reflect his past criminal conduct because of two bad check charges and a forgery charge in the state courts which had been dismissed. According to the PSR, a worthless check charge was filed against Klund in March 1987, wherein Klund was charged with writing six bad checks totaling $4,835.34. The charges were dismissed after Klund paid restitution in full. In November 1987 Klund was charged with forgery and selling encumbered property. The charges were dismissed in September 1988 after Klund satisfied a condition that he commit no new acts of forgery and not be arrested for 180 days. Finally, in June 1991 Klund was charged with issuing two worthless checks totaling $425.86. Those charges were also dismissed when Klund paid restitution in full.

Klund filed extensive objections to the PSR. However, he did not object to the inclusion of "other criminal conduct" as described above. Judge Shabaz departed upward from the PSR's recommendation:

> The Court's of the opinion that this must be a Criminal History Category IV based upon the comments of this defendant [which the Judge found earlier indicated Klund would continue to commit crimes in the future] and his criminal record. The Court is satisfied that reliable indication [sic] indicates that the criminal history category does not adequately reflect the seriousness of this defendants's past conduct or the likelihood that he will commit other crimes.

(Tr. at 109.)

Klund appeals, arguing that Judge Shabaz erred in departing upward based upon the bad check and forgery charges that were dismissed because no independent investigation was undertaken to determine if Klund actually committed the crimes. The United States argues that Klund waived that issue by failing to object to the portion of the PSR containing the information about the charges. Both are incorrect.

As an initial matter, we note the general rule that sentencing judges may use all the information they possess in imposing sentences. *United States v. Fonner*, 920 F.2d 1330, 1333 (7th Cir.1990). Our review of departures, and failures to depart, is deferential. *Fonner*, 920 F.2d at 1332 (citing *United States v. Marshall*, 908 F.2d 1312, 1326 (7th Cir.1990) (in banc)).

Section 4A1.3 of the Guidelines provides that

> if reliable information indicates that the criminal history category does not ade-

quately reflect the seriousness of the defendant's past criminal conduct or likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range. Such information may include, but is not limited to, information concerning:

. . . .

    (e) prior adult criminal conduct not resulting in a criminal conviction.

U.S.S.G. § 4A1.3(e). In instructing the sentencing court to rely on "other adult conduct of any nature that did not otherwise result in a criminal conviction," U.S.S.G. § 4A1.3(e), the Guidelines allow the court to consider pending charges, dismissed charges, or even charges of which the defendant has been acquitted in determining whether the defendant's criminal history is adequately represented. *United States v. Short*, 4 F.3d 475, 479 (7th Cir.1993); *United States v. Ruffin*, 997 F.2d 343, 346 (7th Cir.1993); *Fonner*, 920 F.2d at 1333. However, the Guidelines also provide that "a prior arrest record itself shall not be considered under § 4A1.3." U.S.S.G. § 4A1.3. Thus, it is prior criminal conduct, not charges, that support a departure. *Short*, 4 F.3d at 479; *Ruffin*, 997 F.2d at 346.

■ We first dispose of the government's argument that Klund waived this issue by not objecting to the salient portions of the PSR. The PSR recommended a criminal history category of III. It did not recommend an upward departure based upon Klund's bad check and forgery charges, but merely recited the related facts and indicated that a criminal history level of III may not adequately represent Klund's prior criminal conduct. Defendants should be confronted with the waiver problems only when they ignore a finding or a recommendation in the Presentence Report. To impose a requirement upon defendants that they must object to every possible outcome that could be generated by the facts as recited in the PSR would be draconian, and we decline to do so.

Next, we turn to Klund's argument that the district judge erred in relying on his forgery and bad check charges. Relying on primarily on *Ruffin*, Klund argues that where no independent investigation was undertaken to determine if he actually committed those crimes, the judge erred in relying on them in departing upward.

■ However, proof of an independent investigation by the prosecution is not the *sine qua non* of reliability. At this stage of the proceedings, the standard of proof is not the familiar "beyond a reasonable doubt," but rather the preponderance of the evidence. *Fonner*, 920 F.2d at 1333 (citing *United States v. Ebbole*, 917 F.2d 1495 (7th Cir. 1990)). Thus, other factors may confer sufficient reliability upon information in the PSR as well, including the nature of the dismissal. *See Ruffin*, 997 F.2d at 345 (because the preponderance of the evidence standard allows the judge to consider acquittals, "it necessarily follows that the judge may consider dismissed charges, which do not reflect any resolution in the defendant's favor").

In *Ruffin* and *Short*, we rejected upward departures based upon dismissed charges where the record was totally devoid of any indication that the defendants had committed the crimes. *See Short*, 4 F.3d at 480 (record did not contain "any indicia of reliability on which the district court" could conclude the defendant committed the crimes); *Ruffin*, 997 F.3d at 346 ("The record in this case does not contain any evidence supporting a conclusion that Ruffin committed the crimes with which he was charged."). In the present case, however, there was considerable, reliable evidence that Klund had indeed committed the crimes. Initially, we note that the probation officer's report recited that the criminal files relating to all three charges had been reviewed. These files showed dispositions after a court appearance. In the first of two cases involving worthless checks, the defendant was charged with writing six bad checks totaling nearly five thousand dollars. In the second, there were two bad checks totaling near five hundred dollars. Both were dismissed after the defendant paid restitution in full. In other words, the charges were dismissed only after the defendant had fully compensated his victims. These facts demonstrate by a preponderance of the evidence that the defendant had in all probability committed the crimes with which he was charged. The other offense—forging

automobile title documents—was dismissed only after the defendant agreed not to commit any further forgeries. The dismissal order thus indicates an acknowledgement of the defendant of his guilt. We believe the state court record adequately shows by a preponderance of the evidence that the defendant committed the offenses, which formed the basis of an upward departure.

Because the record contains sufficient indicia of reliability for the judge to have concluded that Klund committed the forgery and the bad check crimes, *Ruffin* and *Short* are inapposite. The district court's sentencing is

AFFIRMED.