53 F.3d 333
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Michael BREMNER, Defendant-Appellant.
 No. 94-4005.
 United States Court of Appeals, Seventh Circuit.
 Argued April 27, 1995.
Decided May 3, 1995.
 
 Before Posner, Chief Judge, and Cummings and Bauer, Circuit Judges.
 
 ORDER
 
 1
 Michael Bremner appeals the sentence imposed by the district court alleging that the district court denied his due process rights by sentencing him at the high end of the sentencing range based on the government's submission of "untimely, unreliable, and highly prejudicial" information of Bremner's past criminal acts.
 
 I. FACTS
 
 2
 Michael Bremner pleaded guilty to two counts of bank robbery in violation of 18 U.S.C. Secs. 2113(a) and 2, and one count of using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. Sec. 924(c)(1). The presentence report evaluated Bremner's offense level at 26, including a three level credit for acceptance of responsibility, and his criminal history score at III. The corresponding guideline range was 78-97 months. On November 8, 1994, the government untimely filed an objection to the presentencing report arguing that Bremner had not demonstrated acceptance of responsibility. Bremner responded to the government's objections. At the sentencing hearing nine days later, the government presented evidence supporting its objection which it received from state authorities only the day before and the morning of sentencing.
 
 
 3
 Bremner contended that the government's objection was untimely under Local Criminal Rule 2.06(G) but did not challenge the veracity of the evidence. The court offered to continue the hearing, but Bremner indicated that he did not want a continuance. Despite the untimeliness of the government's objection, the district court considered the objection because "the defendant has had a chance to adequately respond."
 
 
 4
 The district court denied the government's objection, gave Bremner credit for acceptance of responsibility, adopted the presentencing report's recommendation, and evaluated Bremner's criminal history level at III and his offense level at 26. The court then sentenced Bremner to 97 months' incarceration for the bank robberies, an additional sixty months' consecutive incarceration for the weapons offense, and three years supervised release. The court also imposed restitution and a special assessment. On appeal, Bremner contends that the "untimely, unreliable and highly prejudicial evidence" presented by the government caused the district court to sentence him at the high end of the sentencing range in violation of his due process rights.
 
 III. ANALYSIS
 A. Jurisdiction
 
 5
 Review of a sentence imposed under the Sentencing Guidelines is limited to cases where the sentence is (a) in violation of the law, (b) a result of the incorrect application of the guidelines, (c) greater than the sentence specified in the applicable range, or (d) plainly unreasonable and imposed for an offense for which there is no guideline. 18 U.S.C. Sec. 3742 (a). Thus, "[a]bsent an error of law or a misapplication of the guidelines, this court lacks jurisdiction to review sentences within the appropriate guidelines range." United States v. Solis, 923 F.2d 548, 551 (7th Cir. 1991). Bremner contends the sentence violated the law because the district court considered unreliable and prejudicial evidence submitted with an untimely objection to the presentencing report.
 
 
 6
 A defendant does not have a constitutional right to a specific sentence or to the lowest possible sentence. However, he "is entitled to only to have his sentence correctly determined in accordance with the applicable law and based upon reliable evidence." United States v. Urrego-Linares, 879 F.2d 1234, 1239 (4th Cir. 1989) (citing Townsend v. Burke, 334 U.S. 736, 68 S. Ct. 1252 (1948)), cert. denied, 493 U.S. 943 (1989); United States v. Musa, 946 F.2d 1297, 1306 (7th Cir. 1991) ("There is no question but that a criminal defendant has a due process right to be sentenced on the basis of accurate information"); see also United States v. McDavid, 41 F.3d 841 (2d Cir. 1995); United States v. Curran, 926 F.2d 59, 61 (1st Cir. 1991). Thus, we have jurisdiction to review whether the district court sentenced Bremner based in part on unreliable information.
 
 B. Unreliable Evidence
 
 7
 The sentencing court may use all the information it possesses in imposing sentences, and may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information it may consider or the source from which it may come. United States v. Blackwell, Nos. 94-1404, 94-2118, slip op. at * 3, 5-6 (7th Cir. March 1, 1995); United States v. Klund, 37 F.3d 1249, 1251 (7th Cir. 1994). While a defendant must be given the opportunity to rebut evidence presented at a sentencing hearing, Blackwell, supra, here, Bremner had such an opportunity. He objected in writing to the government's objection prior to the sentencing hearing and refused the district court's offer to continue the proceedings. Mere violation of the local rules does not mandate reversal. Accord Panozzo v. Rhoades, 905 F.2d 135, 140 (7th Cir. 1990) (local rules do not "act as a ratchet tightening the due process clause").
 
 
 8
 Bremner also argues that the evidence was not reliable. However, Bremner did not object to the veracity of the evidence presented by the government, only to its timeliness. Thus, the standard of review is for plain error. United States v. Lampkins, Nos. 94-1748, 94-1752, 94-1761, slip op. at 2 (Jan. 18, 1995), pet. for cert. filed, (March 2, 1995) (No. 94-8268); United States v. Barker, 27 F.3d 1287, 1291 (7th Cir. 1994). Bremner contends the evidence was not reliable because (a) it was not submitted to the test of a trial, (b) it was used to show that Bremner lied to the probation officer, and (c) it did not necessarily establish that Bremner lied in fact. There is no basis for finding facts from a sentencing hearing unreliable based on the first reason, see Blackwell, supra (sentencing court has broad power to hear evidence), and there is no logic in finding facts unreliable based on the latter two reasons.
 
 
 9
 AFFIRMED.