124 F.3d 205
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lyndon HARLOW, Defendant-Appellant.
 No. 97-1372.
 United States Court of Appeals, Seventh Circuit.
 Argued June 11, 1997.
Decided Sept. 11, 1997.
 
 Appeal from the United States District Court for the Central District of Illinois, No. 88 CR 30020; Richard Mills, Judge.
 
 
 1
 POSNER, MANION, and ROVNER, JJ.
 
 ORDER
 
 2
 Lyndon Harlow appeals from the 19-month term of imprisonment that the district court imposed upon revoking his supervised release. The court stated at the revocation hearing that it chose a longer term in part to ensure adequate treatment of Harlow's drug addiction, a rationale Harlow argues was improper in light of 18 U.S.C. § 3582(a)'s directive that "imprisonment is not an appropriate means of promoting correction and rehabilitation." We affirm.
 
 
 3
 In 1989 Harlow pleaded guilty to and was imprisoned on federal drug distribution charges. Harlow did well in prison, earning a G.E.D. and two associate degrees. On May 28, 1996, he began a five-year term of supervised release. Among his conditions of release, he was required to obtain drug counseling, not to commit any crime, and not to consume alcohol or controlled substances. Harlow's compliance with these conditions was abysmal. Within one month, a scheduled urinalysis indicated that he had consumed marijuana. He later tested positive for marijuana twice more, skipped two other urine tests, and missed drug counseling sessions. Harlow was arrested on October 4 for driving under the influence of alcohol and pleaded guilty. He was then placed in a long-term residential drug treatment program, but was discharged in November for verbally assaulting a peer.
 
 
 4
 On February 10, 1997, the district court revoked Harlow's supervised release. For the nature of the violations and Harlow's criminal history, U.S.S.G. § 7B1.4 designates a sentence of 3-9 months of imprisonment. The court imposed a 19-month term, explaining that it believed Harlow needed enough time to complete a prison drug abuse program and citing the need to deter others from violating the conditions of their supervised release. Harlow appeals.
 
 
 5
 Because § 7B 1.4 is a policy statement and not a sentencing guideline, the district court was not bound by its advised sentencing range, although it would have abused its discretion simply to ignore the recommended sentence. United States v. Hale, 107 F.3d 526, 529 (7th Cir.1997); United States v. Hill, 48 F.3d 228, 231 (7th Cir.1995). Harlow argues that he should be resentenced because the district court relied on the prohibited criteria of correction and rehabilitation.[1] He relies on 18 U.S.C. § 3582, a key section added by the Sentencing Reform Act of 1984 and entitled "Imposition of a sentence of imprisonment." In relevant part, § 3582(a) provides:
 
 
 6
 (a) Factors to be considered in imposing a term of imprisonment.--The court, in determining whether to impose a term of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.
 
 
 7
 This rejection of imprisonment as a means of correction and rehabilitation was a significant tenet of the Sentencing Reform Act. Mistretta v. United States, 488 U.S. 361, 367 (1989); United States v. Pinto, 875 F.2d 143, 145 (7th Cir.1989); see also 28 U.S.C. § 994(k).
 
 
 8
 As quoted above, § 3582(a) directs the court's attention to § 3553(a) for the factors to be weighed in determining the appropriateness or length of imprisonment. Among these factors, however, § 3553(a)(2)(D) includes correctional treatment:
 
 
 9
 (a) Factors to be considered in imposing a sentence.--.... The court, in determining the particular sentence to be imposed, shall consider--
 
 
 10
 (2) the need for the sentence imposed--
 
 
 11
 ...
 
 
 12
 (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]
 
 
 13
 Courts have considered how to harmonize these two provisions in the drug rehabilitation context. For example, the Second Circuit in United States v. Maier, 975 F.2d 944, 948 (2d Cir.1992), held that avoiding a term of imprisonment in order to aid rehabilitation is consistent with § 3582(a), affirming a downward departure designed to substitute probation for imprisonment and thus permit a heroin addict to continue methadone treatment. See also United States v. Lara-Velasquez, 919 F.2d 946, 956 n. 13 (5th Cir.1990) (similar reasoning). Correction and rehabilitation are also proper overall objectives of a sentencing package, particularly of probation or supervised release components. Maier, 975 F.2d at 946-47; see also U.S.S.G. § 5D1.3(b) (listing correctional concerns as factors in imposing conditions of supervised release).
 
 
 14
 Harlow contends that § 3582(a) flatly prohibits lengthening any term of imprisonment to promote correction or rehabilitation. The government counters that this court and the Fifth, Sixth, and Ninth Circuits have held such enhancement to be appropriate. United States v. Hardy, 101 F.3d 1210, 1212-13 (7th Cir.1996); United States v. Giddings, 37 F.3d 1091, 1096-97 (5th Cir.1994); United States v. Jackson, 70 F.3d 874, 880 (6th Cir.1995); United States v. Duran, 37 F.3d 557, 561 (9th Cir.1994). There is, however, some authority to the contrary; see, e.g., United States v. Kikuyama, 109 F.3d 536, 538-39 (9th Cir.1997) (improper to impose consecutive sentences to promote mental health treatment); United States v. Harris, 990 F.2d 594, 597 (11th Cir.1993) (improper to lengthen imprisonment to enhance drug rehabilitation); United States v. Doering, 909 F.2d 392, 395 (9th Cir.1990) (per curiam) (improper to depart upwards for psychiatric treatment). In the only Seventh Circuit case cited, the defendant argued that correction of his psychiatric illness was an improper ground for selecting a longer term of imprisonment within a Guideline range. Hardy, 101 F.3d at 1212. He relied on 28 U.S.C. § 994(k), which directs the Sentencing Commission to "insure that the guidelines reflect the inappropriateness of imposing a sentence to a term of imprisonment for the purpose of rehabilitating the defendant or providing the defendant with ... correctional treatment." We rejected Hardy's argument on the ground that § 944(k) is directed not at federal judges but at the Commission. Id. This decision is distinguishable from Harlow's challenge because it did not consider § 3582(a) and did not concern imprisonment upon revocation of supervised release.
 
 
 15
 We believe that the most compelling analysis for the present circumstances is found in a Second Circuit decision not cited by either party, United States v. Anderson, 15 F.3d 278 (2d Cir.1994). Anderson dealt with strikingly similar facts: the supervisee was required to participate in a substance abuse program, not to commit any crime or possess a controlled substance, and not to possess a firearm. Id. at 279. When she violated all three conditions, the district court imposed 17 months of imprisonment rather than the suggested 6-12 months partly on the ground that she needed "intensive substance abuse and psychological treatment in a structured environment." Id.
 
 
 16
 The Second Circuit affirmed, first acknowledging that "[a] court's authority to impose a term of imprisonment is governed by 18 U.S.C. § 3582," but observing that Anderson was (like Harlow) imprisoned under the independent supervised release provisions of § 3583. Id. at 280-81. The two sections are readily distinguishable. Section 3583(e), which generally governs the discretionary termination, extension, or revocation of supervised release,[2] directs the court to consider the factors listed in § 3553(a), but it explicitly lists each of the subsections to be considered, including § 3553(a)(2)(D). Section 3583 does not refer to § 3582(a) and contains no limitation on weighing correction and rehabilitation as factors; indeed, use of these factors is recommended. See 18 U.S.C. § 3583(c), (e)(3); U.S.S.G. § 5H1.4. Section 3582(a) is simply inapplicable to supervised release. In addition to punishment, the court is as free to weigh drug rehabilitation in the event of revocation as it is in setting the initial conditions of supervised release, without limitation from § 3582(a). We therefore AFFIRM the judgment of the district court.
 
 
 
 [1]
 The government argues that Harlow has forfeited this challenge by failing to raise it at the revocation hearing, and thus the sentence must be reviewed for plain error. See United States v. Olano, 507 U.S. 725 (1993). Harlow complains that he had no notice from either the court or the government prior to the imposition of sentence that the court would enhance the term of imprisonment for rehabilitation, and cites United States v. Klund, 37 F.3d 1249, 1252 (7th Cir.1994), for the proposition that enforcing waiver is inappropriate under these circumstances. See also Burns v. United States, 501 U.S. 129, 138 (1991). In light of the present disposition, we need not resolve this dispute
 
 
 [2]
 There are two separate supervised release revocation provisions, 18 U.S.C. § 3583(e)(3) and § 3583(g). The first is "permissive," in that the court has discretion whether to revoke, whereas under the latter revocation is "mandatory" once the court determines the supervisee has violated certain types of conditions, such as those prohibiting possession of controlled substances. The government says that the district court imposed mandatory revocation, but from the record it is unclear which provision the court relied on It makes no difference here