UNITED STATES of America Plaintiff,

v.

Michael JENKINS, Defendant.

No. 98–20044.

United States District Court,
C.D. Illinois,
Danville/Urbana Division.

Jan. 14, 1999.

Everett Laury, Hutton, Laury, Hesser, Lietz & Wilcox, Danville, IL, for Plaintiff.

Lawrence S. Beaumont, Assistant U.S. Attorney, Urbana, IL, for Defendant.

## ORDER

MCCUSKEY, District Judge.

On July 10, 1998, Defendant was charged by indictment with two counts of bank robbery, and one count of possession of a firearm by a felon. On September 21, 1998, Defendant pled guilty to all three charges. This matter is now before the court for sentencing. After careful consideration of the Federal Sentencing Guidelines, the case law, and Defendant's argument regarding his sentence, the court finds that this case warrants an upward departure from the sentence authorized by the guidelines for the two bank robbery counts.[1]

Defendant's base offense level for the bank robbery counts is twenty-nine. He has accumulated fourteen criminal history points, yielding a criminal history category of VI. Normally, the applicable sentencing range for those counts would be 151–188 months. However, in its presentence report, the probation department has detailed the circumstances of several prior, unadjudicated offenses, which could not be factored into Defendant's criminal history category. Presentence Investigation Report at 21–23, Part B, ¶¶ 81–89. Based on those offenses, the probation department suggests that this court depart upward from the otherwise applicable guideline range.

Section 4A1.3 authorizes a district court to depart from the guideline range and impose a greater term of imprisonment if "reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3. The guidelines specifically address the situation at hand, in which an upward departure is considered for a defendant with a criminal history category of VI. The guidelines state:

> The Commission contemplates that there may, on occasion, be a case of an egregious, serious criminal record in which even the guideline range for Criminal History Category VI is not adequate to reflect the seriousness of the defendant's criminal history. In such a case, a departure above the guideline range for a defendant with Criminal History Category VI may be warranted. In determining whether an upward departure from Criminal History Category VI is warranted, the court should consider that the nature of the prior offenses rather than simply their number is often more indicative of the seriousness of the defendant's criminal record.

U.S.S.G. § 4A1.3.

A judge may consider pending charges, dismissed charges, or even charges of which the defendant has been acquitted in determining whether the defendant's criminal history category is appropriate. *United States v. Klund*, 37 F.3d 1249, 1252 (7th Cir.1994); *United States v. Ruffin*, 997 F.2d 343, 345 (7th Cir.1993). However, "it is prior criminal conduct, and not prior charges, that supports a departure." *Ruffin*, 997 F.2d at 346. Because prior conduct is the key factor, the district court must make an independent determination that a preponderance of the evidence indicates that the defendant committed the crime. *See Ruffin*, 997 F.2d at 346 (remanding where district court made no

---

1. Defendant received notice of a possible upward departure prior to imposition of his sentence. *See Burns v. United States*, 501 U.S. 129, 135–39, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991) (holding that parties must receive reasonable notice of a possible upward departure by district court). The presentence investigation report indicated that Defendant's prior criminal history might warrant an upward departure under the guidelines. Presentence Investigation Report at 30, Part E, ¶¶ 122 & 123. The court also notified Defendant that it was considering an upward departure before argument and offered to continue the sentencing hearing to allow Defendant additional time to respond. After consulting with his client, Defendant's attorney informed the court that Defendant wanted to be sentenced that day.

independent finding that defendant actually committed crimes for which charges were dismissed).

■ In this case, the presentence investigation report discusses evidence of several unadjudicated prior crimes. Specifically, these offenses included three residential burglaries, criminal damage to property, and two thefts of a motor vehicle. Furthermore, Defendant currently faces an aggravated robbery charge, as well as an attempted murder charge for shooting a Coles County Deputy Sheriff. Defendant admits his involvement in all of these crimes. Presentence Investigation Report at 21–23, Part B, ¶¶ 81–89. The court therefore finds that reliable evidence supports these allegations, and that Defendant actually committed these crimes. Accordingly, the court finds that the sentencing range normally imposed by the guidelines for a criminal history category VI does not adequately reflect the egregious nature of Defendant's criminal past or the likelihood that he will commit future crimes if given the opportunity, and elects to depart upward from the guideline range under section 4A1.3.

Having found that an upward departure is warranted, the court must now determine the appropriate sentencing range. As noted above, Defendant's criminal history includes numerous unadjudicated offenses, all of which support a departure. However, in calculating its departure, the court will consider only those offenses occurring in the past year, which include one residential burglary, the pending aggravated robbery, and the pending attempted murder. Each of these unadjudicated offenses would most likely have resulted in three additional criminal history points if factored into his criminal history, totaling nine additional points. U.S.S.G. § 4A1.1(a). Had Defendant not already been in the highest possible criminal history category, these additional points could have increased it by three levels. Section 4A1.3 instructs sentencing courts considering an upward departure for a defendant with a criminal history category of VI to "structure the departure by moving incrementally down the sentencing table to the next higher offense level in Criminal History

Category VI until it finds a guideline range appropriate to the case." U.S.S.G. § 4A1.3. Generally, each horizontal move across the table to a higher criminal history category has the same effect on the applicable sentencing range as does each vertical move down the table to a higher offense level. Thus, because an additional nine criminal history points would justify moving across the table three criminal history levels, the court instead moves down the sentencing table three offense levels, to level thirty-two.

At that level, Defendant faces a sentencing range of 210–262 months, which better reflects his criminal history and potential to commit future crimes. Within that range, the court finds that concurrent sentences of 240 months are appropriate for each of Defendant's bank robbery convictions.[2]

---

**2.** The further conditions of Defendant's sentence are set forth in the judgment order.