In the
United States Court of Appeals
For the Seventh Circuit

No. 99-3925

United States of America,

Plaintiff-Appellee,

v.

Abel Chavez-Chavez,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 99 CR 107--Ruben Castillo, Judge.

Argued April 25, 2000--Decided May 23, 2000


  Before Posner, Chief Judge, and Easterbrook and
Evans, Circuit Judges.

  Easterbrook, Circuit Judge.  Abel Chavez-Chavez,
an alien unlawfully present in the United States,
pleaded guilty to aggravated criminal sexual
abuse--fondling the breasts of an 11-year-old
girl. After his release from prison, Chavez was
deported. Within three months he returned to the
United States without the Attorney General's
permission. Following his apprehension, Chavez
pleaded guilty to unlawful reentry, in violation
of 8 U.S.C. sec. 1326. The sentencing guidelines
prescribe a range of 63-78 months for a person
with his offense and criminal history levels. But
the district court sentenced him to only 41
months' imprisonment, not only reducing the
offense level by 3 because of his acceptance of
responsibility but also departing downward after
concluding that Chavez's criminal history
category (calculated at III) overstated the
seriousness of his prior offenses. Unsatisfied
with that reduction, Chavez contends on this
appeal that the district court should have
departed even further. Because discretionary
decisions not to depart are not reviewable,
United States v. Franz, 886 F.2d 973 (7th Cir.
1989), we dismiss Chavez's appeal.

  Guideline 2L1.2 establishes a base offense level
of 8 for an alien's illegal entry. Reentry
following conviction for an "aggravated felony,"
a term defined in 8 U.S.C. sec. 1101(a)(43), adds
16 levels. U.S.S.G. sec. 2L1.2(b)(1)(A). Chavez
conceded in the district court that sexual abuse

of an 11-year-old girl is an "aggravated felony," see sec. 1101(a)(43)(A) (defining "sexual abuse of a minor" as an "aggravated felony"), so his offense level was correctly set at 24 (less the discount for accepting responsibility). But the Commission also invited departures.

Aggravated felonies that trigger the adjustment from subsection (b)(1)(A) vary widely. If subsection (b)(1)(A) applies, and (A) the defendant has previously been convicted of only one felony offense; (B) such offense was not a crime of violence or firearms offense; and (C) the term of imprisonment imposed for such offense did not exceed one year, a downward departure may be warranted based on the seriousness of the aggravated felony.

U.S.S.G. sec. 2L1.2 Application Note 5. See also United States v. Cruz-Guevara, No. 99-3043 (7th Cir. Mar. 23, 2000). Chavez requested an additional departure under this note. If the district judge found him ineligible, then that decision on a legal issue would be reviewable for error. See United States v. Poff, 926 F.2d 588, 590-91 (7th Cir. 1991) (en banc). But if the judge found Chavez eligible but undeserving (or just undeserving, without passing on eligibility), then the decision is unreviewable, for 18 U.S.C. sec. 3742(a) does not permit review of a sentence within the prescribed range unless the judge committed a legal blunder.

Chavez contends that he was found ineligible under proviso (B) of the note, because the district judge concluded that his prior offense was a "crime of violence." The extent to which sexual misconduct with a minor is a "crime of violence" as that term is used in federal sentencing practice has been vexing. See United States v. Shannon, 110 F.3d 382 (7th Cir. 1997) (en banc); United States v. Thomas, 159 F.3d 296 (7th Cir. 1998). If the district court had gone behind the charging papers to conclude that Chavez engaged in sexual intercourse with the minor (as she contended), then the decision would be problematic for reasons developed in Shannon, 110 F.3d at 384-85. But if, instead, the judge looked at additional information, including the minor's accusation (and Chavez's concession that he may have had sexual relations with her but had been too drunk to remember), only to determine whether it was appropriate to exercise discretion in Chavez's favor, then there is no legal impediment--for, as Shannon holds, id. at 385, the judge need not stick to the charging papers when exercising discretion with respect to departures. Nothing in the judge's remarks at sentencing suggests that he found that Chavez's

prior conviction was for a "crime of violence"; the judge instead exercised discretion against Chavez on grounds that we have mentioned, and others that are sealed under 18 U.S.C. sec. 3509(d) to protect the minor's interests.

According to Chavez, the judge considered "unreliable information"--the minor's assertion that sexual relations occurred--when deciding not to depart further. Many cases say that when calculating a sentencing range under the guidelines, or departing upward to impose a higher sentence, the judge should ensure that information is reliable. E.g., United States v. Berkey, 161 F.3d 1099, 1101-02 (7th Cir. 1998); United States v. Klund, 37 F.3d 1249 (7th Cir. 1994). Judges may rely on hearsay and other information that would be inadmissible at trial, but the calculation of a range (and any upward departure) must in the end be supported by a preponderance of the evidence. That burden of proof would not protect the accused if the judge could base a sentence on uncorroborated charges by unnamed informants, and the like. But when a judge imposes a sentence within the guideline range (or, here, decides to curtail the extent of a downward departure), there is no burden-of-proof problem. The prosecutor established by a preponderance of the evidence all facts necessary to justify imprisonment for as long as 78 months. When seeking a downward departure the defendant bears the burden, and the judge may disbelieve the defendant's position without requiring additional evidence. Even had Chavez's denial been credited, the judge would have been justified in imposing a term well exceeding 41 months. So there was no legal error, and the discretionary decision not to depart (further) is unreviewable.

The appeal is dismissed for want of jurisdiction.