**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Alonzo L. WILSON, Defendant–
Appellant.**

No. 01–3626.

United States Court of Appeals,
Seventh Circuit.

Submitted July 24, 2002.*

Decided July 29, 2002.

---

* After an examination of the brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the brief and the record. *See* Fed. R.App. P. 34(a)(2).

Before CUDAHY, COFFEY, and ROVNER, Circuit Judges.

## ORDER

Alonzo Wilson pleaded guilty to three counts of distributing cocaine base, 21 U.S.C. § 841(a)(1). At sentencing, the district court added 4 levels to Wilson's base offense level because he attempted to obstruct justice and used a minor in committing his offense. *See* U.S.S.G. §§ 3C1.1, 3B1.4. The court then deducted three levels for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, and credited Wilson for time served on a related state sentence. Ultimately, the court determined Wilson's sentencing range to be 156 to 203 months' imprisonment on each count. It imposed three concurrent 203–month prison terms.

Wilson appealed, but his appellate counsel seeks to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he believes all potential appellate issues are frivolous. Counsel's brief is facially adequate, and Wilson has not filed a response, *see* Cir. R. 51(b), so we limit our review to the potential issues counsel identifies. *See United*

States v. Tabb, 125 F.3d 583, 584 (7th Cir.1997) (per curiam); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir.1996). We agree with counsel that those issues are frivolous, and therefore grant counsel's motion to withdraw and dismiss the appeal.

Counsel queried whether Wilson would like to challenge his plea's validity, and Wilson answered "no." This inquiry and answer renders unnecessary any speculation as to whether the plea could be challenged. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir.2002).

Counsel next raises a series of sentencing issues. He considers whether Wilson could make out an *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), argument because the counts to which Wilson pleaded guilty did not charge drug quantities. But, as counsel concludes, *Apprendi* would be no help to Wilson because Wilson's 203–month sentences for crack distribution did not exceed the statutory maximum of 20 years for cocaine offenses. *See* 21 U.S.C. § 841(b)(1)(C); *United States v. Jones*, 245 F.3d 645, 650–51 (7th Cir.2001). Counsel also concludes, and we agree, that it would be frivolous to appeal Wilson's obstruction-of-justice adjustment because Wilson waived any challenge to that adjustment by withdrawing his objection to it in the district court. *See United States v. Staples*, 202 F.3d 992, 995 (7th Cir.2000) (waiver extinguishes error and occurs where party relinquishes a known right).

Counsel also contemplates whether the district court "double counted" by imposing both the adjustment for obstruction of justice and the adjustment for use of a minor. *See United States v. Haines*, 32 F.3d 290, 293 (7th Cir.1994) ("[D]ouble counting occurs when identical conduct is described in two different ways so that two different adjustments apply."). Wilson ar-

gued in the district court that it would be double counting to impose both adjustments because, he said, each turned on his giving drugs to a 17–year–old girl in an effort to avoid arrest and then encouraging her to lie about his ownership of those drugs. Appellate counsel concludes that it would be frivolous to argue that double counting occurred because the district court did not rest both adjustments on identical conduct. Rather, it imposed the use-of-the-minor adjustment because Wilson attempted to avoid arrest by passing his drugs to the girl. Then it imposed the obstruction-of-justice adjustment because Wilson later encouraged the girl to lie in court regarding his ownership of the drugs. We agree with counsel; it would be frivolous to argue that the district court double counted by imposing different adjustments based upon these two different activities.

■ Counsel next considers whether Wilson could challenge the district court's denial of his request for a downward departure. Wilson asked for a downward departure to reduce the "unfair effect" of the alleged double counting and because he had received a state-court sentence for the transaction involving the minor. But as the district court noted in denying Wilson's request, there was no double counting and it took the state-court sentence into account by reducing Wilson's sentencing range. The court therefore decided that there was no reason to depart. Counsel contends, and we agree, that it would be frivolous–indeed, impossible–to appeal that decision because the court understood it had the power to depart, weighed Wilson's proffered reasons, and simply chose not to do so. Such a choice is unreviewable. *United States v. Chavez–Chavez,* 213 F.3d 420, 421 (7th Cir.2000).

■ Lastly, counsel ponders whether to challenge the district court's sentencing of

Wilson at the top of the guidelines range. As counsel correctly notes, however, we lack jurisdiction to review a district court's choice of sentence within an appropriate guidelines range. *United States v. Ward,* 211 F.3d 356, 367 (7th Cir.2000).

For the aforesaid reasons, we GRANT counsel's motion and DISMISS this appeal.