**UNITED STATES of America,**
**Appellee,**

v.

**David Allen MILLER, Defendant–**
**Appellant.**

**Docket No. 00–1642.**

United States Court of Appeals,
Second Circuit.

Argued Aug. 7, 2001.

Decided Aug. 23, 2001.

---

Yuanchung Lee, Federal Public Defender's Office, S.D.N.Y., for appellant.

Joshua A. Levine, Assistant United States Attorney, for Mary Jo White, United States Attorney, S.D.N.Y., for appellee.

Before MINER, CALABRESI, and CABRANES, Circuit Judges.

PER CURIAM.

David Allen Miller pled guilty to bank robbery in violation of 18 U.S.C. § 2113(a). He appeals only his sentence, contending that the district court (McMahon, J.), in declining to depart downward pursuant to U.S.S.G. § 4A1.3, erred in considering his record of arrests as well as a pending unresolved charge. We affirm the district court.

## BACKGROUND

On October 6, 1999, David Allen Miller walked into the Premier National Bank in Wappinger Falls, New York, approached a teller's window, and announced a holdup. The teller gave Miller approximately

$7,000 in cash. Miller then left the bank. He was apprehended the next day.

On April 20, 2000, Miller pled guilty to a one-count information charging him with bank robbery. The Presentence Report ("PSR") found that Miller qualified as a career offender on the basis of two prior drug trafficking convictions. This determination automatically increased Miller's offense level by ten levels, raising his sentencing range from 63–78 months to 151–188 months' imprisonment. The PSR listed twenty-one adult convictions, eighteen additional prior arrests (seventeen of which had been dismissed and one of which resulted in an acquittal), a pending charge in Poughkeepsie City Court for criminal possession of stolen property, and a number of jail escapes and parole violations and revocations.

Prior to sentencing, defense counsel submitted a letter on Miller's behalf. Counsel argued that a downward departure from the career offender guideline pursuant to U.S.S.G. § 4A1.3 was appropriate because the application of that guideline to the defendant "dramatically over-represents the seriousness of the defendant's criminal conduct, past and present."[1] Counsel pointed out that despite Miller's history of drug addiction, Miller had stayed clear of both drugs and the criminal justice system for almost six years, until a series of events catalyzed by the loss of his job lead to the instant crime. The Government took no position on the defense's motion for a downward departure.

At the sentencing hearing, defense counsel reiterated his arguments in favor of a downward departure. Judge McMahon asked counsel about the pending theft charge, explaining that she was "deeply troubled" because the charge did not con-

form to the time line suggested by defense counsel's letter. The judge also noted Miller's "humongous conviction record," and "an arrest record the like of which I've never seen." Judge McMahon also referred to Miller's many parole revocations and violations.

After giving Miller an opportunity to speak, Judge McMahon declared that she had "agonized" over his request for a departure. She noted again the "page after page after page of convictions, and parole revocations and violations, and jail escapes, and other arrests" discussed in the PSR. She pointed out that some of these offenses (she did not distinguish between arrests and convictions) were "quite serious" and some involved threats of violence. She took note, however, of the "dramatic" and "extraordinary" fact that Miller had stayed out of trouble for a period of six years.

Judge McMahon ultimately declined to depart downward and sentenced Miller pursuant to the applicable guidelines to 151 months in prison. In summarizing her reasons for the sentence, she cited the defendant's lengthy criminal record, his inability to remain on parole without violation and the fact that some of his offenses had been of a violent nature, and concluded that "notwithstanding his ... period of clean living" she would decline to depart downward. The court also stated that the bank robbery was "a life scarring event for that teller, and I take that very much into account in deciding that this is not an appropriate situation for a downward departure."

## DISCUSSION

A district court's decision not to depart downward from the sentencing

---

1. Although his argument seems to have been rooted in an examination of Miller's criminal history, defense counsel argued for a "vertical" departure (reducing the applicable offense level) rather than a "horizontal" departure (across criminal history categories).

guidelines is within the court's discretion and generally unreviewable on appeal. *See United States v. Acevedo,* 229 F.3d 350, 356 (2d Cir.2000), *cert. denied,* 531 U.S. 1027, 121 S.Ct. 602, 148 L.Ed.2d 514 (2000); *United States v. Tenzer,* 213 F.3d 34, 42 (2d Cir.2000). Where a sentence has been "imposed in violation of law," however, this court can review the refusal of a district court to depart downward. *United States v. Kalust,* 249 F.3d 106, 110 (2d Cir.2001). Miller argues that the district court violated the law by considering his past *arrest* record and his pending Poughkeepsie charge when it declined to depart. But he raised no such objection at the district court level.

■■ Issues not raised in the district court, including sentencing issues, will be deemed forfeited on appeal and addressed only upon a showing that the court committed plain error. *United States v. Keppler,* 2 F.3d 21, 23–24 (2d Cir.1993). For there to be "plain error," there must be (1) an error that (2) is "plain" and (3) "affect[s] substantial rights"; if these elements are satisfied, then the court may correct the error, but only if (4) the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Johnson v. United States,* 520 U.S.

461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) (quoting *United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)).

■ We hold that consideration of Miller's arrest record does not amount to plain error, and thus we affirm, without reaching the question of whether such consideration is error at all.[2]

Miller argues that the district court's use of his prior arrest record in refusing to depart downward under § 4A1.3 is prohibited by the express language of § 4A1.3. Policy statement § 4A1.3, which provides for departures if the criminal history category significantly under or over-represents the seriousness of a defendant's criminal history or the likelihood that he or she will commit further crimes, states that "a prior arrest record itself shall not be considered under § 4A1.3." U.S.S.G. § 4A1.3.[3]

■ We have not determined, however, whether the § 4A1.3 prohibition on consideration of prior arrest records applies to refusals to depart downward as well as to decisions to depart upward. Miller cites no cases in which use of such records in a decision *not* to depart was held to be error. Nor is it implausible that the Sentencing

2. We have jurisdiction to review a refusal to depart downward only if that refusal violated the law, involved a misapplication of the guidelines, or was based on the sentencing court's mistaken conclusion that it lacked authority to depart. *See Kalust,* 249 F.3d at 110. By reaching the issue of plain error we are, in a sense, assuming *arguendo* what we do *not* decide, namely that consideration of arrest records might in fact be erroneous, and hence we are exercising a form of hypothetical jurisdiction. In *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998), the Supreme Court held that a federal court may not, by the exercise of the doctrine of hypothetical jurisdiction, decide a case on the merits before resolving whether the court has Article III jurisdiction. *See also Lerman v. Bd. of Elec-*

*tions,* 232 F.3d 135, 142 n. 6 (2d Cir.2000), *cert. denied,* — U.S. ——, 121 S.Ct. 2520, 150 L.Ed.2d 692 (2001). *Steel Co.* and *Lerman* apply only to cases involving questions of constitutional jurisdiction, however. *See Fama v. Comm'r of Corr. Srvs.,* 235 F.3d 804, 817 n. 11 (2d Cir.2000).

3. This does not, of course, mean that the conduct underlying such arrests may not be considered. *See, e.g., United States v. Fuller,* 15 F.3d 646, 651 (7th Cir.1994) ("In determining whether to depart upwards under Section 4A1.3, district courts may not rely on defendant's prior *arrest* records, but rather must rely on the facts underlying the arrest.").

Commission meant to prohibit the use of prior arrest records only in the context of upward departures. The prohibition in the guideline occurs at the end of the second of two paragraphs that deal solely with upward departures, and before any discussion of downward departures. Courts, moreover, are generally subject to greater scrutiny when they choose to depart than when they opt to remain within the applicable sentencing range. *See United States v. Brown*, 98 F.3d 690, 692 (2d Cir.1996) (" 'Sentences within the Guidelines [sentencing range] may be deemed to be reasonable and within the exclusive discretion of the sentencing court solely because of the Commission's blessing of the permissible range.' " (quoting *United States v. Colon*, 884 F.2d 1550, 1555 (2d Cir.1989))).

■ In view of the above, a district court's reliance on prior arrest records as a basis for refusing to depart downward does not constitute "plain error." And, given the absence of objection by defendant below, we need take no position on the underlying question of whether a sentencing court's use of "mere" prior arrest records in a decision not to depart is error. We also do not address whether the district court did, in fact, rely on such records and whether, if it did, such reliance was determinative.[4]

■ We have considered all of appellant's other arguments and find them to be

meritless.[5] Accordingly we AFFIRM the sentence imposed by the district court.

---

4. In this respect, we note also that had an objection been timely made, the district court could readily have clarified the basis of its decision.

5. Miller contends that the district court violated due process in considering the prior arrests and the pending charge. Undoubtedly, as he asserts, "due process requires that a convicted person not be sentenced on 'materi-

ally untrue' assumptions or 'misinformation.' " *United States v. Pugliese*, 805 F.2d 1117, 1123 (2d Cir.1986) (quoting *Townsend v. Burke*, 334 U.S. 736, 741, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948)). Miller, however, points to no such "assumptions" or "misinformation." Accordingly, we hold that the sentence imposed on him does not violate due process.