UNITED STATES, Appellee,

v.

Othniel SIMPSON, a/k/a Ed Simpson; Gladys Recalde; Lamont Simpson; Keith Simpson; Brian Lennon; Tanya Ellis; Walter Isaac; Malcolm

Anderson; Marvin Owens; Charles Jones; Wayne Gladney; Elaine Taylor; John Dorsey; Leshan Watkins; Tracy Woodward; and Ronald Reed, Defendants,

Charles Christopher Small, a/k/a Christopher Charles Small, Defendant–Appellant.

Docket No. 01–1411.

United States Court of Appeals, Second Circuit.

Feb. 25, 2002.

* Of the United States Court of Appeals for the

Roger Bennet Adler, New York, NY, for appellant.

Laura Grossfield Birger, Assistant United States Attorney; Andrew C. McCarthy, Assistant United States Attorney, of counsel, New York, NY, for Mary Jo White, United States Attorney for the Southern District of New York.

Present SACK, B.D. PARKER, Jr., and GIBSON,* Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be, and it hereby is, AFFIRMED.

The defendant-appellant Charles Small appeals from a judgment of the United States District Court for the Southern District of New York (Harold Baer, Jr., *Judge*), convicting him upon his plea of guilty of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) and conspiracy to make structured deposits in violation of 18 U.S.C. 371 and sentencing him principally to concurrent sentences of seventy-eight months' and sixty months' imprisonment respectively. On appeal, Small asserts (1) that the district court abused its discretion by failing to grant him a mitigating role adjustment; (2) that the district court failed to understand its discretion to downwardly depart because the amount of laundered money attributable to Small allegedly overstates

Eighth Circuit, sitting by designation.

his culpability; and (3) that the district court committed plain error by citing to a summary order during the sentencing hearing. These arguments are all without merit.

Small asserts that he should have received a two point mitigating role downward adjustment pursuant to U.S.S.G. § 3B1.2(b) because his role during the beginning of the conspiracy was minor.[1] We disagree. While Small's role in the conspiracy increased in 2000 near the end of the conspiracy, he had a supervisory role in the conspiracy beginning at least as early as 1998 when he recruited and supervised another member of the conspiracy. Thus, the district court did not abuse its discretion by refusing to grant Small a mitigating role adjustment.

Small's argument that the district court failed to recognize its discretion to downwardly depart pursuant to U.S.S.G. § 5K2.0 is similarly without merit. Small did not raise this argument before the district court so we review it only for plain error. *See United States v. Miller*, 263 F.3d 1, 4 (2d Cir.2001) (citation omitted). We find that there was no error, much less plain error. Absent evidence to the contrary, we presume that the district court understood its discretion to downwardly depart. *United States v. Brown*, 98 F.3d 690, 694 (2d Cir.1996) (citation omitted). Small does not point to any evidence in the record that indicates that the district court failed to understand its discretion to depart downwardly, and our independent review of the record also reveals no misunderstanding. Small's argument to the contrary therefore must be rejected.

Finally, Small assets that he was sentenced in error because the district court cited an unpublished decision of this court. While the district court did violate § 0.23 of the rules of this Court by citing the unpublished decision, Small's argument still fails. Small did not raise this argument before the district court and has failed to demonstrate how the district court's citation to a summary order caused him prejudice. *See United States v. Thomas*, 274 F.3d 655, 668 (2d Cir.2001) (in banc) (citation omitted).

We have considered Small's remaining arguments and find them all to be without merit. The judgment of the district court is hereby AFFIRMED.

---

1. Notably, Small does not challenge the three point managerial role adjustment he received

pursuant to U.S.S.G. § 3B1.1(b).