**UNITED STATES of America,**
**Appellee,**

v.

**Paul SALCE, Jr., Defendant–Appellant,**

No. 02–1162.

United States Court of Appeals,
Second Circuit.

Dec. 16, 2002.

James I. Glasser, William J. Nardini, United States Attorney's Office, District of Connecticut, New Haven, CT, for Appellee.

Nathaniel Z. Marmur, Stillman & Friedman, New York, NY, for Defendant–Appellant.

F.I. PARKER, STRAUB, and RAGGI, Circuit Judges.

SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 16th day of December, Two Thousand and Two.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED.

Defendant-appellant Paul Salce, Jr. appeals from a judgment of conviction and sentence imposed on February 8, 2002, following a guilty plea in the United States District Court for the District of Connecticut (Ellen Bree Burns, *Judge*). The two-count information charged Appellant with mail fraud, in violation of 18 U.S.C. § 1343, and money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(ii). At sentencing, Appellant, through counsel, concurred in the calculation set forth in the Pre–Sentence Report ("PSR"), indicating to the district court that "no issues" needed to be resolved regarding the PSR and that the

calculations were correct. Additionally, despite offering the testimony and written statements of several individuals about a purported gambling addiction, Appellant, through his counsel, indicated to the district court that he did not seek to rely on the purported disorder as an independent basis for a downward departure under U.S.S.G. § 5K2.13. Rather, the gambling addiction evidence was submitted merely as one of "a combination of factors that warrant a downward departure" under U.S.S.G. § 5K2.0.

The district court considered all relevant factors, afforded due weight to the evidence presented by both sides, and imposed two concurrent mid-range terms of imprisonment of 51 months. The sentence reflects a two-level sentence enhancement for Appellant's use of "sophisticated means" pursuant to U.S.S.G. § 2B1.1(b)(8)(C), and the district court's decision not to downwardly depart on grounds of the "combination of factors" submitted by Appellant under Section 5K2.0.

Appellant now maintains that the district court erred as a matter of law in imposing the enhancement and declining to downwardly depart because Appellant's purported gambling addiction alternatively formed an independent basis for departure under Section 5K2.13. We find no error on the former issue, and find the latter not reviewable.

■■■ Section 2B1.1(b)(8)(C) of the Guidelines permits a two-level sentence enhancement for use of sophisticated means in carrying out or concealing an offense. Appellant failed to object to the "sophisticated means" enhancement at sentencing. Accordingly, any challenge is deemed forfeited and reviewed only upon a showing of plain error by the district court. *See United States v. Miller*, 263 F.3d 1, 4 (2d Cir.2001) (*per curiam*) (citing *United States v. Keppler*, 2 F.3d 21,

23–4 (2d Cir.1993)). "Plain error" exists where there is "(1) an error that (2) is 'plain' and (3) 'affect[s] substantial rights'; if these elements are satisfied, then the court may correct the error, but only if (4) the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (quoting *Johnson v. United States*, 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997)). Given the lengthy time frame and extensive efforts to escape detection—including falsifying accounting ledgers and structuring bank transactions—we see no error in the district court's ruling, much less plain error.

■■■ Regarding Appellant's downward departure claim, we note that granting a downward departure is within the district court's discretion and is unreviewable on appeal, *Miller*, 263 F.3d at 3–4, unless it is shown "that a violation of law occurred, that the Guidelines were misapplied, or that the refusal to depart was based on the sentencing court's mistaken conclusion that it lacked authority to depart," *United States v. Kalust*, 249 F.3d 106, 110 (2d Cir.), *cert. denied sub nom.*, —— U.S. ——, 122 S.Ct. 213, 151 L.Ed.2d 152 (2001) (internal quotations omitted). There is no showing here that any of these factors exist with respect to the district court's decision not to downwardly depart because of the "combination of factors" submitted under § 5K2.0. As for Appellant's argument that the district court should have downwardly departed because his gambling addiction alternatively constituted an independent basis for departure under § 5K2.13, any such argument was affirmatively waived below by Appellant through counsel. *See United States v. Khan*, 920 F.2d 1100, 1107 (2d Cir.1990) ("Having failed to raise the issue at sentencing, defendant cannot now claim that the district court erred in refusing to grant his motion for a downward departure...."). Accord-

ingly, the district court's decision not to downwardly depart is not reviewable and that portion of the appeal is dismissed.

For the reasons stated above, the sentence imposed by the district court is AFFIRMED.