KAREN LeCRAFT HENDERSON, Circuit Judge,
concurring in part and dissenting in part:
While I otherwise concur in the majority opinion, I dissent from the remand for resentencing because I perceive no error, plain or not, by the sentencing judge. The court used Joaquin’s arrest record in declining to depart downward based on Joaquin’s assertion that his “criminal history category significantly over-represents the seriousness of [his] criminal history or the likelihood that [he] will commit further crimes,” pursuant to the third paragraph of Guidelines section 4A1.3, which is devoted to downward departures. U.S.S.G. § 4A1.3 ¶3 (emphasis added). Not only does the language on which the majority relies for error (“However, a prior arrest record itself shall not be considered under § 4A1.3”) appear within the second paragraph of section 4A1.3, which the majority itself characterizes as “the upward departure paragraph,” Maj. Op. at 1292, the inclusion of the adversative “however” directly connects the language to the preceding sentence which authorizes the court to “conclude that the defendant’s criminal history was significantly more serious than that of most defendants in the same criminal history category, and therefore consider an upward departure from the guidelines.” U.S.S.G. § 4A1.3 ¶ 2 (emphasis added). The reason for limiting the arrest record proscription to upward departures paragraph is obvious. The proscription rests on a determination that an arrest record is not the kind of “reliable information” that section 4A1.3 requires as the basis to depart from the Guidelines’ prescriptions. See U.S.S.G. § 4A1.3 111 (“If reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant’s past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range.”); id. commentary (“This policy *1295 statement authorizes the consideration of a departure from the guidelines in the limited circumstances where reliable information indicates that the criminal history-category does not adequately reflect the seriousness of the defendant’s criminal history or likelihood of recidivism_”). As a record of additional crimes, however, an arrest record will never be used to support a downward, departure. Below, the court did not rely on Joaquin’s arrest record as a basis for making a departure at all but considered it only in declining to accept Joaquin’s argument that his case lay outside the Guidelines’ heartland and warranted a downward departure. The decision to adhere to the Guidelines’ directives and not to depart is, as the majority recognizes, discretionary to the point of being unreviewable. See Maj. Op. at 1290 (citing United States v. Pinnick, 47 F.3d 434, 439 (D.C.Cir.1995)). The information supporting it therefore need not meet the standard of reliability required in making a departure. See United States v. Miller, 263 F.3d 1, 4-5 (2d Cir.2001) (noting as reason not to apply arrest record prohibition to decision not to depart downward that “[e]ourts ... are generally subject to greater scrutiny when they choose to depart than when they opt to remain within the applicable sentencing range”); cf. United States v. Chavez-Chavez, 213 F.3d 420, 422 (7th Cir.2000) (requirement that “reliable information” be used “when calculating a sentencing range under the guidelines, or departing upward to impose a higher sentence” does not apply “when a judge imposes a sentence within the guideline range (or, here, decides to curtail the extent of a downward departure)”; “[wjhen seeking a downward departure the defendant bears the burden, and the judge may disbelieve the defendant’s position without requiring additional evidence”).
Finally, even if the arrest record proscription is not unambiguously restricted to upward departures (which I believe it is), neither does it unambiguously extend to downward departures, given the language and structure of the departure provision as I have limned it above. Thus, Joaquin has not met his burden under the applicable plain error standard. See United States v. Miller, 263 F.3d at 4-5 (2d Cir.2001) (concluding “a district court’s reliance on prior arrest records as a basis for refusing to depart downward does not constitute ‘plain error’ ” because it is not “implausible that the Sentencing Commission meant to prohibit the use of prior arrest records only in the context of upward departures”).