**UNITED STATES of America,**
**Appellee,**

v.

**Wilson Baez NUNEZ, Defendant–**
**Appellant.**

**No. 02–1447.**

United States Court of Appeals,
Second Circuit.

Aug. 22, 2003.

Susan Corkery, Assistant U.S. Attorney, U.S. Attorney's Office for the Eastern District of New York, Brooklyn, NY, for Appellee.

Theodore S. Green, Green & Willstatter, White Plains, NY, for Defendant–Appellant.

Present: POOLER, SACK, and WESLEY, Circuit Judges.

### SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, AD-JUDGED, AND DECREED that the

judgment of the district court be and it hereby is **AFFIRMED.**

Wilson Baez Nunez pleaded guilty, in the absence of a plea agreement, to being an alien who attempted to enter the United States without the express permission of the U.S. Attorney General, after having been deported following a conviction for the commission of an aggravated felony, in violation of 8 U.S.C. § 1326(a). The United States District Court for the Eastern District of New York (Charles P. Sifton, *District Judge*) determined that the base offense level was eight, pursuant to U.S. Sentencing Guidelines ("U.S.S.G.") § 2L1.2. The district court imposed a sixteen-level enhancement because Nunez's prior felony conviction was for drug trafficking where the sentence exceeded thirteen months, and it awarded a three-level reduction for acceptance of responsibility, resulting in an adjusted offense level of twenty-one. Nunez requested a downward departure on the basis that his conduct fell "outside the heartland of the normal case," which the district court denied. The district court also denied the probation officer's recommendation to depart upward because of Nunez's pending criminal cases. After determining that Nunez had a criminal history category score of III, the district court concluded that the Sentencing Guidelines range was 46 to 57 months imprisonment and imposed a sentence of 46 months imprisonment.

Nunez argues that the district court should have sentenced him under U.S.S.G. § 2X1.1 because he pleaded guilty to attempting to enter the United States. Accordingly, he appeals the district court's failure to consider the three-level reduction that applies to "an attempt, ... unless ... the circumstances demonstrate that the defendant was about to complete all such acts [necessary to complete the substantive offense] but for apprehension or interruption by some similar event beyond the defendant's control." U.S.S.G. § 2X1.1(b)(1). As Nunez did not raise this issue before the district court at sentencing, we review the district court's decision only for plain error. *See United States v. Blount,* 291 F.3d 201, 213–14 (2d Cir.2002) ("Plain error is an error that is plain and affects a defendant's substantial rights.... An error affects substantial rights if it is prejudicial and it affected the outcome of the district court proceedings." (citation and internal quotation marks omitted)).

■ We find that the district court's decision to sentence Nunez pursuant to U.S.S.G. § 2L1.2 instead of § 2X1.1 was not plain error because the adjusted offense level would have been the same under either provision. *See United States v. Arigbodi,* 924 F.2d 462, 464 (2d Cir.1991) (holding that there is no plain error at sentencing when the defendant "could have received exactly the same sentence in the absence of the alleged error"). Pursuant to U.S.S.G. § 2X1.1, the district court would have applied the base offense level applicable to the substantive offense. And even though Nunez pleaded guilty to attempting to reenter the United States, he would not have been eligible for the three-level reduction under U.S.S.G. § 2X1.1(b)(1). As Nunez manifested no intent to abandon his course of action prior to being detained at customs, "the circumstances demonstrate that [he] was about to complete all such acts [necessary to complete the substantive offense] but for apprehension or interruption by some similar event beyond [his] control." U.S.S.G. § 2X1.1(b)(1). Therefore, the Sentencing Guidelines range would have been the same, regardless of whether Nunez was

sentenced under U.S.S.G. § 2L1.2 or § 2X1.1.

 In the alternative, Nunez argues that the district court improperly denied his request for a downward departure on the basis that his conduct fell "outside the heartland of the normal case." However, a district court's decision not to depart downward from the Sentencing Guidelines is within the district court's discretion and generally unreviewable on appeal. *See United States v. Acevedo,* 229 F.3d 350, 356 (2d Cir.2000). This Court reviews such a decision only if it violated the law, involved a misapplication of the Sentencing Guidelines, or was based on the sentencing court's mistaken conclusion that it lacked authority to depart. *United States v. Miller,* 263 F.3d 1, 4 n. 2 (2d Cir.2001). The district court's decision is unreviewable, because Judge Sifton acknowledged his authority to depart in "an unusual case only if the case is outside ... the heartland of cases that the authorities had in mind when they created the guideline sentences...."

We have considered Nunez's remaining arguments and find them to be without merit. Based upon the foregoing, the judgment of the United States District Court for the Eastern District of New York is affirmed.