**UNITED STATES of America,**
**Appellee,**

v.

**Rubi Figueroa MARCANO, also**
**known as Hiram Camano,**
**Defendant–Appellant.**

**No. 02–1560.**

United States Court of Appeals,
Second Circuit.

Sept. 4, 2003.

John Burke, Brooklyn, NY, for Defendant–Appellant.

Jonathan S. Abernethy, Assistant U.S. Attorney (James B. Comey, U.S. Attorney, on the brief; Gary Stein, Assistant U.S. Attorney, of counsel), Southern District of New York, New York, NY, for Appellee.

PRESENT: MESKILL, MINER, and STRAUB, Circuit Judges.

## SUMMARY ORDER

Rubi Figueroa Marcano appeals from the sentence imposed on him by the United States District Court for the Southern District of New York (Naomi Reice Buchwald, *Judge*), following his plea of guilty to one count of passport fraud, in violation of 18 U.S.C. § 1542, and one count of illegally re-entering the United States after deportation, in violation of 8 U.S.C. §§ 1326(a) and(b). We affirm.

At sentencing, Marcano sought a downward departure pursuant to U.S.S.G. § 5H1.4, which provides that "an extraordinary physical impairment may be a reason to impose a sentence below the applicable guideline range." Marcano alleged that gunshot wounds dating from 1992 and 1996 have caused him to suffer "constant numbness, extreme shooting pain, muscle loss, and the ability to stand, all in his right leg." The District Court denied the downward departure because it found that Marcano's alleged impairment was not sufficiently extraordinary, and thereafter sentenced Marcano to an incarcerative term of 57 months, the bottom of the applicable guideline range.

Marcano's sole argument on appeal is that his sentence is invalid because, "while the [District] Court and the Government responded to Appellant's departure motion to the extent that it was based upon his *current medical condition*, i.e., treatment would be provided as necessary, they failed to recognize Marcano's right to a departure based upon [the Bureau of Prison]'s failure to treat him *in the past.*" Appellant's Br. at 8 (emphasis added). This failure of treatment by the BOP allegedly occurred during Marcano's detainment in July 1996 in the District of Rhode Island, where he was charged with and eventually convicted of a prior instance of illegal re-entry.

Our review of the record convinces us that Marcano failed to raise below the argument that the BOP's past failure of treatment serves as an independent basis for a downward departure. Although Marcano did point to his past experience with the BOP, it was only to underscore his contention that the BOP was ill-equipped to treat his *current* medical condition. Having thus failed to raise before the District Court the specific ground for departure he now presses on appeal, and there being no showing of plain error—indeed, Marcano has not cited a single case in which a downward departure was granted solely on the basis of a defendant's failure to receive appropriate medical treatment while imprisoned on a prior, unrelated offense—Marcano cannot succeed in this line of argument. *See United States v. Miller*, 263 F.3d 1, 4 (2d Cir.2001) (per curiam).

The judgment of the District Court is hereby AFFIRMED.