UNITED STATES of America,
Appellee,

v.

Randy DENJEN, Defendant–Appellant.

Docket No. 03–1683.

United States Court of Appeals,
Second Circuit.

May 12, 2004.

Nicolas Bourtin, Assistant United States Attorney (Susan Corkery, Assistant United States Attorney, on the brief), for Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, Brooklyn, NY, for Appellee.

Daniel J. Gotlin, Gotlin & Jaffe, New York, NY, for Appellant.

PRESENT: OAKES, CARDAMONE, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Randy Denjen appeals from a judgment of conviction of the United States District Court for the Eastern District of New York (Nina Gershon, *Judge* ). Denjen was convicted, upon his guilty plea, of one count of sexual abuse in violation of 18 U.S.C. § 2242(1) and one count of making a false statement in violation of 18 U.S.C. § 1001(a)(2). The District Court sentenced Denjen principally to concurrent terms of 151 months' imprisonment on the sexual abuse count and 60 months on the false statement count. Familiarity with the facts and procedural history is assumed.

Denjen lodges several challenges to his conviction and sentence. First, he contends that, when accepting his guilty plea, the District Court violated Federal Rule of Criminal Procedure 11 because he did not allocute that he placed his victim "in fear of bodily harm unless she performed the sexual act and that she feared serious bodily harm, death or kidnapping." Appellant's Br. at 8. In other words, he claims that "there is no basis for the factual and legal acceptance of the plea since it does not comply with the elements of the statute which requires a showing of fear on the part of the victim coupled with bodily harm, or fear of kidnapping or death." *Id.* at 9–10.

Denjen's contention misreads the statute under which he was convicted, 18 U.S.C. § 2242(1). That statute prohibits "caus[ing] another person to engage in a sexual act by threatening or placing that other person in fear (*other than* by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping)." *Id.* (emphasis added). Thus, the statute expressly excludes the showing that Denjen assumes is required for conviction. At his plea colloquy, Denjen admitted that his victim complied with his sexual demands out of fear that, if she refused, she "would have gotten other sanctions against her." Tr. of Pleading (Oct. 17, 2002), at 29. This admission establishes a sufficient factual basis for the plea. *See* Fed.R.Crim.P. 11(b)(3).

Denjen next claims that the District Court abused its discretion in refusing to allow him to withdraw his plea. This argument is predicated on the fact that the plea agreement, in estimating his offense level, mistakenly omitted a two-level enhancement for obstruction of justice. *See* U.S.S.G. §§ 3C1.1 & cmt. n. 8, 3D1.2(c). Denjen does not dispute that the enhancement applies. Rather, he contends that, after the government brought this mistake to the Court's attention, the Court should have allowed him to withdraw his plea.

For support, Denjen relies primarily on *United States v. Palladino,* 347 F.3d 29

(2d Cir.2003). There, the defendant was convicted of one count of transmitting a threat in interstate commerce, *see* 18 U.S.C. § 875(c), and the district court applied a six-level enhancement for "conduct evidencing an intent to carry out [the] threat" under U.S.S.G. § 2A6.1(b)(1). *Id.* at 30. On appeal, the defendant argued that the district court abused its discretion in refusing to allow him to withdraw his plea. He pointed to the fact that the government sought the enhancement based on information known to it at the time of the plea agreement (i.e., tape-recorded conversations of the defendant angrily indicating his intent to carry out his previously articulated threat), but not included in the estimated offense level. *Id.* We concluded that the government had breached the plea agreement and permitted the defendant to withdraw his plea. *Id.* at 34–35.

*Palladino,* however, is distinguishable. It involved *factual* information in the government's hands at the time of the plea agreement. By contrast, this case involves the government's–and Denjen's–*purely legal* misinterpretation of the guidelines at the time of the agreement. That distinction is important because the government has control, and therefore discretion, over what factual information to share with the Court for sentencing purposes. It has no such control over the proper legal interpretation of the applicable guidelines. This explains the District Court's statement that "there's no question that [the enhancement] would have been applied whether the government raised it or not." Tr. of Proceedings (Feb. 27, 2003), at 11. Indeed, the complexity of calculating an offense level under the Guidelines is why the plea agreement made it abundantly clear that the offense levels provided were only "estimates." Plea Agreement at 3 ¶ 2. It is also why the District Court reiterated that fact during the plea colloquy,

expressly informing Denjen that it was not bound by those estimates and would not know the appropriate range until it received the presentence report, heard from both parties, and "then ma[de] a decision." Tr. of Pleading (Oct. 17, 2002), at 17–18. And Denjen does not argue, let alone show, bad faith on the part of the government in miscalculating the offense level. We therefore agree with the government that to hold it to the mistaken estimate in such a case "would write out of the plea agreement altogether the language describing the plea calculation as a non-binding estimate" and "could force the government to adhere to its plea estimates even where those estimates contain obvious legal errors." Appellee's Br. at 17. Accordingly, we hold that the District Court did not abuse its discretion in refusing to allow Denjen to withdraw his plea.

Denjen also contends that the District Court erred in applying a four-level use of force enhancement to the sexual abuse count. *See* U.S.S.G. § 3A1.1(b)(1). He claims that he applied no force to his victim and that she willingly submitted to him–not out of a legitimate fear of physical harm or implied authority to punish her, but out of "a bizarre racist belief that the Federal Correctional Facility was a secret [Ku Klux] Klan haven." Appellant's Br. at 16.

■ His contentions are without merit. We have explained that "[t]he requirement of force may be satisfied by a showing of . . . the use of such physical force as is sufficient to overcome, restrain, or injure a person." *United States v. Lauck,* 905 F.2d 15, 17 (2d Cir.1990) (internal quotation marks omitted and alternation in original). We have further explained that "[t]he statute requires only the use of 'force,' not of 'significantly violent action or threats'" and that "[t]he legislative history indicates

that a specific intent of Congress was to reduce the necessity of demonstrating the use of excessive force, in order to provide greater protection for the victim." *Id.* at 18 (citing H.R. REP. No. 99–594, at 11 (1986), *reprinted in* 1986 U.S.C.C.A.N. 6186, 6191). Under these principles, the District Court correctly applied the enhancement for all the reasons it provided in its April 2003 order. As it explained, "Denjen used physical force to make sexual contact with the victim when he kept trying to stick his tongue in her mouth, when he grabbed her jumpsuit, pulled her to him, shoved his hands into her jumpsuit and touched her sexually, and when he physically pushed her legs apart, pushed her back against the wall and pinned her down with his weight while he had intercourse with her." Or. (Apr. 24, 2003), at 8. Such force justifies the enhancement. *See United States v. Lucas,* 157 F.3d 998, 1002 (5th Cir.1998).

■ Finally, Denjen argues that the District Court erred when it refused to downwardly depart. We have repeatedly explained, however, that "[a] district court's decision not to depart downward from the sentencing guidelines is within the court's discretion and generally unreviewable on appeal." *United States v. Miller,* 263 F.3d 1, 3–4 (2d Cir.2001); *see also United States v. Reinoso,* 350 F.3d 51, 57 (2d Cir.2003); *United States v. Belk,* 346 F.3d 305, 314 (2d Cir.2003). Such a decision may be appealed "only where 'the guidelines were misapplied, the court misapprehended its authority or imposed an illegal sentence.'" *United States v. Brown,* 98 F.3d 690, 692 (2d Cir.1996) (quoting *United States v. Haynes,* 985 F.2d 65, 68 (2d Cir.1993)). We have further explained that a district court need not state reasons for its refusal to downwardly depart. *See United States v. Lawal,* 17 F.3d 560, 563 (2d Cir.1994).

No basis exists here to disturb the District Court's refusal to depart. The Court expressly acknowledged its authority to depart, but declined to exercise that authority because of the "purposes of both punishment and deterrence," the "horrific" nature of Denjen's conduct, and "his role as a lieutenant." Tr. of Sentencing (Oct. 21, 2003), at 16. In so doing, the Court did not misapply the guidelines, and it was not required to detail additional reasons. *See Miller,* 263 F.3d at 3–4; *Brown,* 98 F.3d at 692; *Lawal,* 17 F.3d at 563. We have reviewed Denjen's other contentions and find them to be without merit.

Accordingly, the judgment of the District Court is hereby affirmed.