11-3130-cr
United States v. Onua

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of August, two thousand twelve.

PRESENT:

    José A. Cabranes,
    Chester J. Straub,
    Peter W. Hall,
        *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

United States of America,

    *Appellee*,

    -v.-                                   No. 11-3130-cr

Anthony Onua,

    *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR APPELLANT:**             Gail Gray, New York, NY.

**FOR APPELLEE:**             Daniel A. Spector, Assistant United States Attorney (Susan Corkery, Assistant United States Attorney, *on the brief*), Brooklyn, NY, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York.

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (I. Leo Glasser, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

Defendant-appellant Anthony Onua appeals from a judgment of the District Court convicting him, after a guilty plea, on charges of conspiracy to commit bank fraud and wire fraud in violation of 18 U.S.C. § 1349, and sentencing him principally to five years' imprisonment and to pay $2,704,739 in restitution. We assume the parties' familiarity with the underlying facts and the procedural history of this case, some of which we briefly summarize below.

This appeal arises out of Onua's conviction on charges related to mortgage and bank fraud. Onua and others conducted a scheme in which banks were induced to make mortgage loans collateralized by real property for which the actual value was far less than what was reported to the banks. In order to prolong the scheme and avoid raising the banks' suspicions, Onua and his co-conspirators initially made regular mortgage payments on the loans; however, after a period of time the payments stopped, and the mortgages went into default. As the scheme unraveled, the banks foreclosed on the collateral, and received at foreclosure sales amounts that were generally far less than the value of the loan.[1]

On October 5, 2010, Onua pleaded guilty to a single count of conspiracy to commit bank and wire fraud, pursuant to a plea agreement which listed restitution as a statutory penalty for his offense. At sentencing, the District Court calculated that Onua was liable for a loss to the banks of $2,704,739. The Court entered a preliminary restitution order, but permitted the Government and the defendant to work together to develop a final restitution order that would specify the victims to receive restitution

---

[1] To the extent any bank recovered at the foreclosure sale a value greater than or equal to the amount of its loan, that bank was not considered to have sustained a "loss" within the meaning of the Federal Sentencing Guidelines.

and the co-conspirators with whom Onua was jointly and severally liable.  In the cover letter to the proposed final restitution order, submitted by the Government on September 20, 2011, the Government represented that "[t]he government and the defendant have agreed upon the enclosed proposed restitution order, which the parties respectfully request that the Court endorse."  In the absence of any objection from the defendant, the proposed order was adopted as the judgment of the District Court on September 23, 2011.

On appeal, Onua challenges only his restitution obligation.  Specifically, he argues: (1) the District Court miscalculated the amount of restitution owed to the banks; (2) the District Court erred in its apportionment of the restitution obligation as between Onua and his co-conspirators; and (3) the District Court erred by ordering restitution to go to the original victim banks, rather than to various transferee banks to which the defaulted loans had been sold.[2]

DISCUSSION

I.      **Standard of Review**

In general, "we review an . . . order of restitution deferentially, and we will reverse only for abuse of discretion."  *United States v. Boccagna*, 450 F.3d 107, 113 (2d Cir. 2006) (internal quotation marks omitted); *cf. Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (explaining that the term of art "abuse of discretion" includes errors of law).  However, "where, as here, a defendant fails to object to the restitution order at the time of sentencing, our review is for plain error."  *United States v. Zangari*, 677 F.3d 86, 91 (2d Cir. 2012).

In order to succeed on a claim of plain error, the defendant must demonstrate that: "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district

---

[2] Onua also argues that his plea agreement does not waive his right to appeal a restitution order.  The Government concedes the point, and we do not address it.

court proceedings; and (4) the error seriously affected the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 130 S. Ct. 2159, 2164 (2010) (internal quotation marks and alteration omitted).

## II.   Calculation of the Amount of Restitution

Onua raises two principal objections to the District Court's calculation of his restitution obligation. First, he claims that market forces, not his fraud, were the proximate cause of the banks' losses, because the collapse of the housing market caused the value of the banks' collateral to decrease. It is well established that fluctuation in market prices does not excuse a defendant from paying full restitution for monies stolen in the course of a fraudulent scheme. *See United States v. Paul*, 634 F.3d 668, 678 (2d Cir. 2011) ("The fact that independent market forces may have contributed to the decline in [the value of the] stock held by [the victims] is irrelevant to the restitution calculation because the stock was merely securing the fraudulently-obtained loans. The loss to [the victims] resulted from [defendant's] inducement of the loans."); *United States v. Turk*, 626 F.3d 743, 751 (2d Cir. 2010) (holding that "the item of value lost by [the defendant's] victims was the unpaid principal of the loans, not the buildings themselves"). Onua was responsible for the full amount of the fraudulently induced loans, not reduced by any loss in value of the collateral caused by market forces.

Second, Onua argues that various mortgage payments made by him to the banks in furtherance of the scheme, as well as certain other "credits and offsets," were not properly deducted from the overall amount of restitution. We hold that Onua forfeited this argument, by failing to object to either the District Court's calculation of restitution at sentencing or to the Government's proposed Final Order of Restitution, which adopted the District Court's calculation.[3] Because the District Court's calculation of restitution did not constitute plain error, *see United States v. Miller*, 263 F.3d 1, 4 (2d Cir.

---

[3] We also note that Onua failed to provide any documentary proof of the amount (or even the existence) of the alleged payments.

4

2001), we affirm the District Court's judgment as to the amount of restitution.  *See also United States v. Coriaty*, 300 F.3d 244, 252 (2d Cir. 2002) (holding that, where defendant objected in the district court only to the loss calculation and not specifically to the calculation of restitution, the issue of restitution was not "properly present[ed] . . . to the district court").

Accordingly, we hold that Onua's objections to the District Court's calculation of restitution are meritless.

## II. The Form of the Restitution Order

We likewise reject Onua's argument that the District Court erred in its allocation of restitution liability among the defendants, and in its allocation of the restitution monies to the original victim banks.  By failing to object to the proposed Final Order of Restitution filed by the Government, which purported to represent an agreement between the Government and the defendant, Onua agreed to the order and waived his right to challenge either of these allocations.  Onua argues that he did not object because objection would have been futile.  His argument is meritless.

The futility defense against waiver is strictly limited to situations in which objection would constitute "a mere formality."  *Rose v. N.Y. City Bd. of Educ.*, 257 F.3d 156, 160 (2d Cir. 2001); *see also United States v. Algarate-Valencia*, 550 F.3d 1238, 1243 n.4 (10th Cir. 2008) (for the futility exception to be available, it must be "absolutely clear an objection would have been futile").  In Onua's case, although the District Court had issued a *preliminary* restitution order, the restitution issue remained very much live.  If Onua had objected to the Government's proposed form of order, he could have informed the District Court of his objection, and he would undoubtedly have been heard.  He did not, and he therefore waived his right to object.

5

CONCLUSION

We have carefully considered the record and the defendant's arguments and found them to be meritless. We affirm the considered judgment of the District Court.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court