11-4573-cr (L)
United States v. Pena

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of January, two thousand thirteen.

PRESENT: GUIDO CALABRESI,
GERARD E. LYNCH,
DENNY CHIN,
*Circuit Judges.*

_____

UNITED STATES,

        *Appellee*,

      v.                                       Nos.  11-4573-cr (Lead)
                                                     11-4647-cr (Con)

HENRY PENA,

        *Defendant-Appellant*.

_____

FOR APPELLANTS:         Kenneth M. Tuccillio, Hastings on Hudson, New York.

FOR APPELLEES:         Timothy T. Howard, Assistant United States Attorney (Brent S. Wible, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney, New York, New York.

Appeal from the United States District Court for the Southern District of New York

(Miriam Goldman Cedarbaum, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Henry Pena appeals from an October 28, 2011 judgment of the United States District Court for the Southern District of New York, following his guilty pleas to conspiracy to distribute and possess with the intent to distribute at least 500 grams of cocaine in violation of 21 U.S.C. § 846, and bail jumping in violation of 18 U.S.C. § 3146. The pleas were entered in 1994 and 2011, respectively; Pena was a fugitive during the intervening sixteen years. The district court entered a sentence of 117 months' incarceration, comprising 87 months for the narcotics count and 30 months for the bail jumping count to run consecutively; four years of supervised release, comprising four years for the narcotics count and three years for the bail jumping count to run concurrently; a $5,000 fine; and a $150 assessment. Prior to the imposition of sentence, Pena moved to withdraw his guilty plea on the narcotics count. Pena now appeals the district court's denial of that motion. In addition, he challenges the 117-month term of imprisonment as procedurally unreasonable. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Pena argues that he should have been permitted to withdraw his plea, first, because it was accepted without a sufficient factual basis, and, second, because his attorney failed to inform him of the immigration consequences of the plea, depriving him of the effective assistance of counsel in violation of the Sixth Amendment and Padilla v. Kentucky, --- U.S. ---, 130 S. Ct. 1473 (2010). Pena presented only the latter argument below.

The district court denied the motion without considering the merits, instead applying the fugitive disenfranchisement doctrine, under which "district courts enjoy discretion to refuse to rule on the merits of a defendant's postconviction claims of trial error when the defendant has fled from justice." United States v. Bravo, 10 F.3d 79, 83 (2d Cir. 1993). The district court did not abuse its discretion in concluding that the government would be prejudiced by Pena's very long absence should he be permitted to withdraw his plea and demand a trial. See id. at 84-85 ("[T]here can be little doubt that [the defendant's] fifteen-year absence has severely undermined the government's ability to assemble witnesses and evidence for any retrial . . . ."). Moreover, by absconding, Pena "flout[ed] the judicial process and interfer[ed] with the efficient operation of the courts." United States v. Morgan, 254 F.3d 424, 427 (2d Cir. 2001).

Pena did not argue in the district court that his plea was entered without a sufficient factual basis. However, allowing Pena to withdraw his plea would prejudice the government and overlook Pena's "affront to the dignity of the court's proceedings," Ortega-Rodriguez v. United States, 507 U.S. 234, 246 (1993), no matter the basis for his motion. In any event, Pena's argument is without merit. We will address an issue not argued below "only upon a showing that the court committed plain error." United States v. Miller, 263 F.3d 1, 4 (2d Cir. 2001) (citation omitted). At his 1994 plea allocution, Pena confirmed that he accompanied a friend to Manhattan to assist with a drug deal involving four or five kilograms of cocaine. This was sufficient to establish a factual basis for his plea.

Pena next argues that his 117-month term of incarceration is procedurally unreasonable. "A district court commits procedural error where it fails to calculate the Guidelines range (unless omission of the calculation is justified), makes a mistake in its Guidelines calculation, . . . treats the Guidelines as mandatory[,] . . . does not consider the § 3553(a) factors, . . . rests its sentence on a clearly erroneous finding of fact[,] . . . [or] fails adequately to explain its chosen sentence . . . ." United States v. Cavera, 550 F.3d 180, 190 (2d Cir. 2008) (citations omitted). Pena complains that, by imposing a separate, consecutive sentence for bail jumping, the district court failed to properly apply the guidelines which "provide that it is proper to account for the bail jumping by grouping it with the underlying offense and then imposing a sentence enhancement on the underlying offense." (Appellant Br. 46.)

Pena is correct that, under the guidelines, "in the case of a conviction on both the underlying offense and the failure to appear . . . the failure to appear is treated under § 3C1.1 . . . as an obstruction of the underlying offense, and the failure to appear count and the count or counts for the underlying offense are grouped together under § 3D1.2(c)." U.S.S.G. § 2J1.6, cmt. n. 3 (2012). However, the guidelines further stipulate that the "'total punishment'" thus calculated should be broken up into two consecutive terms of imprisonment, id., in order to comply with 18 U.S.C. § 3146(b), which authorizes a term of imprisonment of up to ten years for bail jumping and directs that any such sentence "shall be consecutive to the sentence of imprisonment for any other offense."

4

In accordance with these directives, the district court relied on the government's Pimentel letter, which calculated the combined applicable range for both offenses to be 151 to 188 months, based on the base offense level for the narcotics charge with an enhancement for obstruction of justice and no reduction for acceptance of responsibility. Pena made no objection to these calculations at the time of sentencing, and he identifies no error on appeal. Ultimately, the district court concluded that the guidelines sentence was greater than necessary in light of the factors set out in 18 U.S.C. § 3553(a), and imposed a combined sentence of 117 months. Contrary to Pena's objections, this combined sentence is appropriate under the guidelines. The decision to divide the total term of incarceration into two consecutive sentences attributable to the narcotics and bail jumping counts did not prejudice Pena and comported with the guidelines and § 3146(b). Accordingly, Pena's challenge is without merit.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5