16-4209-cr
*United States v. Bailey*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of November, two thousand seventeen.

PRESENT:    AMALYA L. KEARSE,
            JOSÉ A. CABRANES,
            RICHARD C. WESLEY,
                        *Circuit Judges.*

---

UNITED STATES OF AMERICA,

                    *Appellee,*                                    16-4209-cr

            v.

LOUIS BAILEY, AKA LEWIS BAILEY, AKA POLO BROWN, AKA WILLIAM BAILEY, AKA FOLIO BAILEY,

                    *Defendant-Appellant.*

---

FOR APPELLEE:                          Susan Corkery and Moira Kim Penza, Assistant United States Attorneys, *for* Bridget M. Rohde, Acting United States Attorney, Eastern District of New York, Brooklyn, NY.

FOR DEFENDANT-APPELLANT:               Darrell Fields, Federal Defenders of New York, Inc., New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Edward R. Korman, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the December 12, 2016 judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Louis Bailey ("Bailey") appeals from a December 12, 2016 judgment following his plea of guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The District Court sentenced him to 84 months' imprisonment, three years' supervised release, and a $100 special assessment. On appeal, Bailey argues that the sentence of 84 months' imprisonment was both procedurally and substantively unreasonable. We conclude it was neither and affirm.

## BACKGROUND[1]

Bailey's appeal stems from the District Court's significant upward departure from the Guidelines' recommended range. In their plea agreement, the parties calculated an adjusted offense level of 19 and a Criminal History Category of III, resulting in a recommended range of imprisonment of 37 to 46 months under the Guidelines. At the plea hearing, Bailey stated that he understood the Court had "the authority to impose a sentence that is more severe . . . than the sentence called for by the [G]uidelines." Ultimately, that is what the District Court did. While the Court adopted the same Guidelines range, it imposed a non-Guidelines sentence of 84 months—almost twice the maximum advised. In so doing, the Court cited Bailey's long history of violence and the dangerous nature of the instant offense.

The District Court particularly focused on Bailey's violent record while incarcerated. It noted that "while in custody, the defendant was re-arrested and convicted of assault. Specifically, records revealed that, while in custody, the defendant was involved in a physical assault as part of a gang 'hit' on another inmate." The District Court thus found that the Guidelines' recommended range significantly under-represented the seriousness of Bailey's criminal history, and so departed upward in the sentence.

## DISCUSSION

We review a sentence for procedural and substantive reasonableness under a "deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc)

---

[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. We refer to the background of the case only as necessary to explain our decision to affirm.

(internal quotation marks omitted). "The procedural inquiry focuses primarily on the sentencing court's compliance with its statutory obligation to consider the factors detailed in 18 U.S.C. § 3553(a), while the substantive inquiry assesses the length of the sentence imposed in light of the § 3553(a) factors." *United States v. Verkhoglyad*, 516 F.3d 122, 127 (2d Cir. 2008) (internal alterations, citations, and quotation marks omitted). Where the purported procedural error involves a finding of fact, we will only reverse if the finding was "clearly erroneous." *Cavera*, 550 F.3d at 190.

Because sentencing is not a "precise science," we have observed that "in the great majority of cases, a range of sentences—frequently extending well beyond the narrow ranges prescribed by the Guidelines—must be considered reasonable." *United States v. Jones*, 531 F.3d 163, 174 (2d Cir. 2008).

## I.

Bailey's arguments that this case is exceptional are without merit. First, Bailey argues that the District Court "mistakenly concluded that Bailey was 'convicted'" of participating in the gang-related incident and "used this purported 'conviction' . . . as one of the bases for the upward departure." Appellant Br. at 22. Not so. Read literally, the Statement of Reasons made two factual findings about Bailey's behavior while in custody: (1) that he "was re-arrested and convicted of assault"; and (2) that he "was *involved* in a physical assault as part of a gang 'hit' on another inmate." Both statements are supported by the Amended Presentence Investigation Report ("Amended PSR"), which notes that Bailey was convicted of an assault on a prison guard and also arrested for a separate, gang-related assault on an inmate. We therefore conclude that the District Court did not "rest[] its sentence on a clearly erroneous finding of fact." *Cavera*, 550 F.3d at 190.

Second, Bailey contends that the District Court improperly relied on his arrest for the gang-related incident because "[a]n arrest itself, without more, is an unreliable indicator of guilt." Appellant Br. at 25. While the Guidelines state that "[a] prior arrest record *itself* shall not be considered" for purposes of an upward departure, U.S.S.G. § 4A1.3(a)(3) (emphasis added), this language "does not, of course, mean that the conduct underlying such arrests may not be considered," *United States v. Miller*, 263 F.3d 1, 4 n.3 (2d Cir. 2001) (discussing identical language in the applicable version of the Guidelines). Here, the Amended PSR gave a detailed description of the New York State Police Investigation Report on the gang-hit assault for which Bailey was arrested; it showed that that charge was disposed of by Bailey's agreement to plead guilty on a later assault charge; and Bailey made no objections to the description of the conduct underlying his gang-hit-assault arrest. Accordingly, the District Court did not commit a procedural error when it upwardly departed from the Guidelines, in part on account of the gang-related incident.

## II.

Third, Bailey contends that the District Court provided an inadequate explanation for its upward departure from the Guidelines. We disagree. In the oral pronouncement and the written Statement of Reasons, the District Court examined Bailey's decades-long and near continuous record of violent behavior, much of which involved the use of weapons such as firearms. Based on that record, it concluded that the Guidelines' formula significantly under-represented the seriousness of his criminal history and his risk to the public. We conclude that this explanation provides "enough detail to allow a reviewing court, the defendant, his or her counsel, and members of the public to understand . . . why the considerations used as justifications for the sentence are sufficiently compelling or present to the degree necessary to support the sentence imposed." *United States v. Sindima*, 488 F.3d 81, 86 (2d Cir. 2007) (internal alteration and quotation marks omitted).

## III.

Finally, Bailey challenges the substantive reasonableness of the sentence. "Our review for substantive unreasonableness is particularly deferential," *United States v. Thavaraja*, 740 F.3d 253, 259 (2d Cir. 2014) (internal quotation marks omitted), and upon such review we find no error. For the reasons articulated above, "the sentence imposed falls within the broad range that can be considered reasonable under the totality of the circumstances." *Jones*, 531 F.3d at 174.

In sum, we conclude that the District Court's sentence was neither procedurally nor substantively unreasonable.

## CONCLUSION

We have reviewed all of the arguments raised by Bailey on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the December 12, 2016 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk