**UNITED STATES of America,**
**Appellee,**

v.

**Philip A. GIORDANO, Appellant.**

**Docket No. 01–1608.**

United States Court of Appeals,
Second Circuit.

Aug. 16, 2002.

Andrew B. BOWMAN, Westport, Ct., for Appellant.

Peter J. Jongbloed, Assistant, United States Attorney for the District of Connecticut, New Haven, CT (John A. Danaher III, United States Attorney for the District of Connecticut, John A. Marrella, Assistant United States Attorney, Jeffrey A, Meyer, Assistant United States Attorney, on the brief), for Appellee.

PRESENT: JACOBS, CABRANES and F.I. PARKER, Circuit Judges.

### *SUMMARY ORDER*

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be AFFIRMED.

Philip A. Giordano appeals from an Order issued by the District Court for the District of Connecticut (Nevas, J.), dated November 14, 2001, denying appellant's second motion for bail and authorizing Giordano's pre-trial detention under the provisions of the Bail Reform Act, 18 U.S.C. § 3142. The District Court found that the Government had met its burden of establishing by a preponderance of the evidence that no combination of conditions would reasonably guard against flight or the danger to the community posed by Giordano's release on bail.

Findings of fact relied upon by a district court in determining pre-trial detention will not be disturbed absent a showing of "clear error". *U.S. v. Ferranti,* 66 F.3d 540, 542 (2d Cir.1995); *see also United States v. Shakur,* 817 F.2d 189, 196 (2d Cir.1987). Giordano has provided no adequate basis for disturbing the district court's findings of fact. The court's findings were not clearly erroneous based on the evidence proffered, nor did the court "evince[ ] a misunderstanding of the legal significance of [any] historical fact" that would require the application of a more stringent standard of review. *Shakur,* 817 F.2d at 197. The District Court's decision was based upon a straightforward application of the requisite factors set forth in 18 U.S.C. § 3142(g), and we will not second-guess its considered judgment under these circumstances.

The District Court's erroneous application of the rebuttable presumption in favor of detention under 18 U.S.C. § 3142(e)

does not compel a different conclusion. The Government concedes that the presumption does not apply in this case; however, Giordano failed to object below or to raise this issue on appeal, and the issue is reviewed (if at all) for plain error. *See United States v. Miller,* 263 F.3d 1, 4 (2d Cir.2001). There was no plain error here, because *(inter alia )* the decision to deny bail would have been no different even if the Court had not applied the presumption. *See United States v. Olano,* 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

Accordingly, we affirm for substantially the reasons stated in Judge Nevas' sealed opinion.