IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 29, 2008

Charles R. Fulbruge III
Clerk

No. 08-30670
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MARK R. EMMONS

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:08-CR-57-1

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Mark R. Emmons appeals from a pretrial-detention order.

Originally, Emmons was indicted in the Western District of Louisiana on two counts of attempted production of child pornography, one count of using a facility in interstate commerce to attempt to coerce a minor to engage in criminal sexual acts, and one count of attempting to distribute child pornography to a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

minor. Upon his arrest in Connecticut, the Government filed in the Connecticut district court a motion for pretrial detention.

The Government contended in the motion that: (1) Emmons' case was eligible for pretrial detention because it involved a crime of violence and because there was a serious risk that Emmons would flee; (2) the court should detain Emmons because there were no conditions of release which would reasonably assure Emmons' appearance or the safety of the community; and (3) there was a rebuttable presumption against release, pursuant to 18 U.S.C. § 3142(e), because there was probable cause to believe that Emmons had committed an offense involving a minor victim.

After a detention hearing, the Connecticut district court ordered that Emmons be released on $500,000 bond, subject to numerous conditions, some of which restricted his ability to travel or access a computer.

Subsequently, a superseding indictment charged Emmons with two counts of attempted production of child pornography, in violation of 18 U.S.C. § 2252(a), and four counts of using a facility in interstate commerce to attempt to coerce a minor to engage in criminal sexual acts, in violation of 18 U.S.C. § 2422(b). At Emmons' arraignment in the Western District of Louisiana, the Government moved for detention because of Emmons' endangerment of the community and because of the new charges filed in the superseding indictment. A magistrate judge denied the Government's motion because there already had been an extensive detention hearing in Connecticut and the conditions set at that hearing seemed appropriate under the circumstances.

The Government appealed the magistrate judge's order to the district court, asserting: district courts have authority to review other courts' orders; and new evidence supporting the superseding indictment provided a basis for a new hearing. The Government contended that all of the charges in both the

original and superseding indictments entailed a presumption in favor of detention, pursuant to 18 U.S.C. § 3142(e).

At a subsequent detention hearing, the district court, at the Government's request and without objection by Emmons, took judicial notice of "the fact that [§ 3142] specifically gives a rebuttable presumption that detention is appropriate in cases for which the defendant is charged with these crimes". After considering lengthy testimony and evidence concerning Emmons' attempts to initiate sexual acts with undercover police officers posing as minors using internet chat rooms, the district court stated at the hearing that Emmons had not presented sufficient evidence to overcome the presumption in favor of pretrial detention. In so ruling, the district court determined that the probation office could not completely prevent Emmons from finding another computer to contact a minor. (Nothing in the record indicates that the district court filed a written order concerning its order of detention.) Emmons appealed. See 18 U.S.C. § 3145(c).

There is some question whether the district court was required to "include written findings of fact and a written statement of the reasons for detention" under the terms of 18 U.S.C. § 3141(i)(1), despite Federal Rule of Appellate Procedure 9(a)'s allowing the district court to enter its reasons for a pretrial-detention order either "in writing, or orally on the record". This question remains for another day, however, because Emmons does not raise this issue on appeal. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993) (issues and arguments not briefed adequately are waived).

Regarding the substance of the detention order, a person must be released pending trial unless a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community". 18 U.S.C. § 3142(e); see United States v. Fortna, 769 F.2d 243, 250 (5th Cir.

1985). There is a rebuttable presumption, however, that no conditions will reasonably assure the person's appearance or the safety of the community if the judicial officer finds there is probable cause to believe the person committed "an offense involving a minor victim under [18 U.S.C. §§ 2251 or 2422]". 18 U.S.C. § 3142(e).

In appealing from the pretrial-detention order, Emmons contends, for the first time on appeal, that a rebuttable presumption in favor of detention should not have been applied because his crime involved agents rather than actual minors. In the alternative, he contends that, even if that presumption did apply, he had already agreed to conditions of release that were sufficient to protect the community.

Generally, absent an error of law, this court will uphold a district court's pretrial detention order if it is supported by the proceedings in that court, a standard of review that this court equates to an abuse-of-discretion standard. United States v. Rueben, 974 F.2d 580, 586 (5th Cir. 1992). Under this standard, we look to whether "the evidence as a whole supports the conclusions of the proceedings below". Id.

Concerning the rebuttable-presumption issue, Emmons admits he did not object to the district court's application of that presumption in favor of detention. We review the district court's application of the that presumption, therefore, only for plain error. See United States v. Giordano, 41 F. App'x 522, 522-23 (2d Cir. 2002) (reviewing application of rebuttable presumption for plain error (if at all) where defendant failed to object to it at detention hearing); United States v. Guebara, 15 F. App'x 584, 589 (10th Cir. 2001) (reviewing issue that was not raised at bond revocation proceedings for plain error). Under plain-error review, in the light of the lack of authority in this, or any other, circuit regarding whether the rebuttable presumption is limited only to cases whose facts involve actual minor victims (again, Emmons' conduct involved undercover agents), the

district court could not have plainly erred in applying the rebuttable presumption in favor of detention pursuant to § 3142(e). See United States v. Hull, 160 F.3d 265, 272 (5th Cir. 1998) (holding that an error whose identification requires the extension of precedent is not plain).

As discussed, Emmons' alternative contention is that, even if the rebuttable presumption applies, he overcame it because he had agreed to conditions that would prevent him from accessing a computer and because there was no evidence that he would violate those conditions. The district court ruled that Emmons could not rebut the presumption based on its finding the probation office could not prevent Emmons from accessing another computer to contact a minor. Given the record evidence of Emmons' extensive and persistent efforts to engage in prohibited conduct with minors, we hold that the district court's ruling is supported by the proceeding below and did not, therefore, constitute an abuse of discretion.

AFFIRMED.