10-3545-cr
*United States v. Caraway*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of September, two thousand eleven.

PRESENT:

DEBRA ANN LIVINGSTON,
DENNY CHIN,
RAYMOND J. LOHIER, JR.,

*Circuit Judges.*

_____

UNITED STATES OF AMERICA,

*Appellee*,

-v.-                                                                  No. 10-3545-cr

NORMAN S. CARAWAY,

*Defendant-Appellant*.

_____


MONICA J. RICHARDS, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney, Western District of New York, Buffalo, New York, *for Appellee.*

LAURIE S. HERSHEY, Manhasset, New York, *for Defendant-Appellant.*

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, and DECREED that the judgment of the district court be AFFIRMED.

Defendant-Appellant Norman S. Caraway appeals from a judgment of the United States District Court for the Western District of New York (Arcara, *J.*) sentencing him to 46 months' imprisonment for failure to meet the requirements of the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. § 16901 et seq. Caraway was charged in a superseding indictment with, *inter alia*, one count of traveling in interstate commerce while knowingly failing to register and update a registration as required by SORNA, in violation of 18 U.S.C. § 2250(a). On July 22, 2009, Caraway filed both a counseled and a *pro se* motion to dismiss the superseding indictment, arguing primarily that SORNA violated the Ex Post Facto Clause, the Tenth Amendment, and the Commerce Clause of the United States Constitution. The district court adopted the Magistrate Judge's Report and Recommendation (Schroeder, *M.J.*) recommending that the motions to dismiss be denied.

Caraway then pleaded guilty to the failure to register as a sex offender charge pursuant to a plea agreement, dated April 23, 2010, in which he reserved his right to appeal the denial of his pretrial motions to dismiss. The district court accepted the plea agreement and sentenced Caraway on August 5, 2010. Judgment was entered on August 26, 2010. Caraway timely appealed. We assume the parties' familiarity with the underlying facts and procedural history.

*       *       *

We review *de novo* a district court's legal conclusions, "including those interpreting and determining the constitutionality of a statute." *United States v. Stewart*, 590 F.3d 93, 109 (2d Cir. 2009), *cert. denied*, 130 S. Ct. 1924 (2010). We review arguments or objections not brought to the

district court's attention for plain error.  *See* Fed. R. Crim. P. 52(b); *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

On appeal, Caraway primarily argues that SORNA was retroactively applied to him in violation of the Ex Post Facto Clause of the Constitution.  Caraway's argument is foreclosed by our decision in *United States v. Fuller*, 627 F.3d 499 (2d Cir. 2010), where "we h[e]ld that SORNA applied upon its enactment to all sex offenders regardless of when convicted," *id.* at 507.  Because Caraway's "travel and failure to register occurred after SORNA's enactment and [its] effective date . . . there is no ex post facto problem."  *Id.* at 508 (internal quotation marks and emphasis omitted).  Caraway's argument therefore fails.

We have reviewed Caraway's remaining arguments, including his constitutional challenges to SORNA contained in his supplemental *pro se* brief, and find them to be without merit under our case law.  *See United States v. Guzman*, 591 F.3d 83, 89-91 (2d Cir. 2010) (holding that SORNA's registration requirements and criminal enforcement provision are proper under the Commerce Clause); *United States v. Venturella*, 391 F.3d 120, 133 (2d Cir. 2004); *see also Smith v. Doe*, 538 U.S. 84, 93 (2003).  For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk