10-3545-cr
*United States v. Caraway*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of July, two thousand twelve.

PRESENT:

DEBRA ANN LIVINGSTON,
DENNY CHIN,
RAYMOND J. LOHIER, JR.,

          *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

          *Appellee*,

    -v.-                                  No. 10-3545-cr

NORMAN S. CARAWAY,

          *Defendant-Appellant*.

_____

                    LAURIE S. HERSHEY, Manhasset, New York, *for Defendant-Appellant*.

                    MONICA J. RICHARDS, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney, Western District of New York, Buffalo, New York, *for Appellee*.

1

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, and DECREED that the judgment of the district court be AFFIRMED.

This case returns to us following an order of the United States Supreme Court vacating our decision affirming the August 5, 2010, judgment of the United States District Court for the Western District of New York (Arcara, *J.*), sentencing Defendant-Appellant Norman S. Caraway to 46 months' imprisonment for failure to meet the requirements of the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. § 16901 *et seq. See Caraway v. United States*, __ U.S. __, 132 S. Ct. 1909 (2012), *vacating United States v. Caraway*, 431 Fed. App'x. 49 (2d Cir. 2011), and remanding the case for further consideration in light of *Reynolds v. United States*, __ U.S. __, 132 S. Ct. 975 (2012). On remand, Caraway argues that the Attorney General's interim regulation (the "Interim Regulation") of February 28, 2007, providing that "[t]he requirements of [SORNA] apply to all sex offenders, including sex offenders convicted of the offense for which registration is required prior to the enactment of" SORNA, 72 Fed. Reg. 8894, 8897 (Feb. 28, 2007) (codified at 28 C.F.R. § 72.3), was promulgated in violation of the Administrative Procedure Act ("APA") because the Attorney General did not establish "good cause" to dispense with the APA's notice and publication requirements. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Even assuming, *arguendo*, that Caraway did not waive his APA challenge to the Interim Regulation in his plea agreement, which preserved his right to appeal only those issues raised in his motion to dismiss the indictment, our review is for plain error only, *see United States v. Miller*, 263 F.3d 1, 4 (2d Cir. 2001) ("Issues not raised in the district court . . . will be deemed forfeited on appeal and addressed only upon a showing that the [district] court committed plain error."). "[U]nder plain error review, [Caraway] must demonstrate not only that there was an error that is

clear or obvious, but also that the error affected [his] substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; *and* the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *United States v. Williams*, No. 11-676-cr, 2012 WL 2616387, at *7 (2d Cir. July 6, 2012) (alteration in original and internal quotation marks omitted).

We do not find that the district court's failure to consider *sua sponte* the issue of whether the promulgation of the Interim Regulation violated the APA was "plain" error. There have been no decisions in our Circuit on this issue, and our sister Circuits are divided. *Compare United States v. Valverde*, 628 F.3d 1159, 1168 (9th Cir. 2010) (concluding that the "Attorney General committed a clear error of judgment in failing to consider the factors relevant for seeking to bypass the APA's notice and comment requirement"), *with United States v. Dean*, 604 F.3d 1275, 1281 (11th Cir. 2010) (determining that "the public safety argument advanced by the Attorney General is good cause for bypassing the notice and comment period"). Therefore, we conclude that any possible error in the application of the Interim Regulation to Conaway is not "plain" error. *See United States v. Gore*, 154 F.3d 34, 42-43 (2d Cir. 1998) (noting difficulty of proving plain error where this circuit has not spoken on an issue and there is a split in other circuits).

Caraway argues that plain error review is inappropriate here because he effectively raised the APA challenge before the district court when he argued that SORNA's retroactive application to him violated the Ex Post Facto Clause. According to Caraway, "[a] necessary corollary to that argument and implication thereof is that the interim regulation here in issue . . . did not cover Caraway's offense conduct." Appellant's Supplemental Br. at 4-5. Such a general statement regarding the retroactive affect of SORNA was insufficient to properly raise the APA challenge below, however. Moreover, we note that in Caraway's opening brief on appeal, he conceded that

3

plain error review should apply to his APA claim because this claim "was not raised below."

Appellant's Br. at 20. Accordingly, we find this argument to be without merit.

We have reviewed the parties' remaining arguments and find them to be moot, waived, or without merit. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998). The judgment of the district court is therefore AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk